Joe Merrill Mulvey was convicted of breaking and entering with intent to commit grand larceny, and of grand larceny, and he appeals.
Judgment and sentence affirmed.
The appeal is from a judgment and sentence entered in the Criminal Court of Record of Duval County. The appellant seeks reversal on the ground that the judgment and sentence are illegal and void because they were entered in a cause in which a material part of the trial in the court below was conducted in his absence.
The appellant Mulvey and one Mary Louise Hodges were informed against for breaking and entering with intent to commit grand larceny and for grand larceny. The trial of the defendants on the charge began on June 28, 1948 and was concluded the following day. At the end of the first day of trial the court announced an overnight recess and the appellant, who was then on bail, was advised to appear for the continuation of the trial at 9:30 o'clock the following morning. At the appointed time the court reconvened for the purpose of trial but the appellant failed to put in his appearance. Whereupon, his attorney of record, in open court, made the following statement: "Your Honor, I would like to state at this time that my defendant, for some unknown reason, has not shown up, without consent or connivance on my part, and I would like that to be made clear to you. I would like to proceed with the trial of this case." To this statement the presiding judge replied: "Let the record show * * * that the defendant Joseph Merrill *Page 157 
Mulvey is absent from the court, that the court is ready to proceed with the trial of his case, and that his absence was not by sanction of the court; that the court gave the defendant no leave to be absent at the present time in the trial of this case and that the trial shall proceed in the absence of the defendant."
After this statement was made, which we treat as an order made during the progress of the cause, the trial court proceeded with the trial in the absence of the defendant; with the State calling two witnesses on its case in chief, the defendant Mary Louise Hodges testifying in her own behalf, a rebuttal witness giving evidence for the State, counsel for all parties arguing the case to the jury, the court giving its charge on the law applicable to the case, and the jury returning its verdict finding the defendant Mulvey guilty as to both counts of the information.
Immediately after the jury returned its verdict the court ordered a capias to issue for the arrest of the appellant and the following day he was brought before the court for judgment and sentence. Subsequently, the appellant, by and through his counsel — an attorney who did not represent him in the trial of the cause, let it be said — filed a motion for new trial on the ground, among others, that the appellant had been denied a fair trial for the reason that a material part of the trial was conducted in his absence. The motion for new trial was denied and this appeal was subsequently perfected from the judgment and sentence.
We fail to perceive wherein the judgment and sentence appealed from are subject to attack on any grounds urged by the appellant. Section 914.01, Florida Statutes 1941, F.S.A., requires the presence of the defendant in a prosecution for felony: (1) At arraignment; (2) when a plea is made; (3) at the calling, examination, challenging, impaneling and swearing of the jury; (4) at all proceedings before the court when the jury is present; (5) when evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury; (6) at a view by the jury; and (7) at the rendition of the verdict. But it contains the express provision: "Provided, however, that upon the beginning of the trial of a defendant upon any charge contained in any indictment or information and the defendant being present thereat, if said defendant shall thereafter, during the progress of said trial, or before the verdict of the jury shall have been returned into court, voluntarily, without leave of court first had and obtained, absent himself from the presence of the court, the trial of said cause or the return of the verdict of the jury in said case shall not thereby be postponed or delayed, but said trial, the submission of said case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times."
The appellant was present in court at arraignment time and when the jury was impaneled and sworn. That he thereafter absented himself from the trial without leave of court is conclusively shown by the colloquy which occurred between his attorney of record and the presiding judge after he had failed to put in his appearance for the second day of the proceedings. As to the issue of whether his action in remaining away from the trial was voluntary or involuntary, the presumption is that since he was out on bail and hence entitled to come and go as he pleased, his absence from the courtroom was voluntary and the burden was upon him to show the contrary. See Frey v. Calhoun Circuit Judge,107 Mich. 130, 64 N.W. 1047; Hill v. State, 17 Wis. 675, 86 Am.Dec. 736; People v. Harris, 302 Ill. 590, 135 N.E. 75; United States v. Noble, D.C., 294 F. 689; Kindrick v. Commonwealth, 226 Ky. 144, 10 S.W.2d 639; 14 Am.Jur. 905-911, Criminal Law, Sections 199-205; 23 C.J.S., Criminal Law, § 975, page 309. He made no attempt to explain the reason for his absence, either in his motion for new trial or when, under the capias issued for his arrest, he was brought into open court for the adjudication of guilt and the imposition of sentence upon him. Indeed, to this very day no claim or showing has been made by him that his absence from the courtroom was other than voluntary and instead of making explanation he has elected to stand on the naked ground that his mere absence from *Page 158 
the courtroom under whatever circumstances operated to stalemate the proceedings and render any further steps taken in his absence completely nugatory and void. Such a position is manifestly untenable. A defendant may not remain silent when it is his duty to speak and thereafter be heard to take advantage of such conduct to vitiate a trial and escape just punishment. Compare Henry v. State, 94 Fla. 783, 114 So. 523.
It is settled that a statute such as is here involved is for the benefit of the defendant and may be waived by him, especially where the offense charged is less than capital. See Lowman v. State, 80 Fla. 18, 85 So. 166. We express no opinion as to whether its provisions may be waived in a capital case, for we have no such question before us.
The record is plain that the defendant absented himself from the trial without the consent of the trial court or his counsel. The presumption that his absence was voluntary has not been overcome by him, and all evidence in the record points to the fact that he voluntarily absented himself from the proceedings. The evidence in the case was sufficient to support the verdict and judgment rendered. The challenged statute is valid and no constitutional rights of the appellant were impaired by the exercise of the proviso which allowed the court to proceed with the trial in the voluntary absence of the appellant.
The judgment and sentence appealed from should be affirmed.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.