ALLEN, Acting Chief Judge.
The appellant, Dean Graham, was the defendant below and now appeals his judgment of conviction and sentence for the crime of robbery.
The appellant and five others were charged with the commission of a robbery on June 28, 1962. Thomas Jolley, a co-defendant, testified that appellant directed the parties that directly committed the robbery to the victim’s home, pointed out the house to them and told them he would wait a block away; that this group, after the robbery, went back and picked up the appellant and that they went to the appellant’s home where the loot was divided. Jolley also testified that the parties observed another car on the premises of the victim’s home when they first arrived and would not drive in but drove around and came back when they observed the other car had left; the defendant then getting out of the car under arrangements whereby they would pick him up, which they did after the rob *718 bery. The witness Jolley also testified that when the parties went to the appellant’s house after the robbery, some $7,000 was divided into five full shares with the defendant obtaining $100.00 and a pistol which, with certain jewelry, was obtained from the victim’s home during the robbery.
The appellant argues that there was no testimony which showed that the appellant knew that the other defendants intended to rob the victim at the time he directed them to the victim’s home. The record does not show that direct testimony of this fact was adduced. However, circumstantial evidence may be considered by the jury and the evidence of the other actions of the defendant was sufficient for the jury to conclude that he did, in fact, know that a robbery was contemplated.
The appellant cites the case of United States v. Turnipseed, 272 F.2d 106 (7th Cir.1959) in support of his contention that sufficient evidence was not adduced to show his knowledge of the crime. In the Turnip-seed case the defendant had no previous police record, he borrowed an automobile from a friend and picked up two co-defendants, Williams and Rogers, then drove about with them for some hours. The three drank some whiskey, fixed a flat tire and did some errands. Later they were joined by three others. Someone suggested to Turn-ipseed if he would drive them to 69th and Halstead Streets that they would pay him. Upon arrival at this address, a Bank, two other co-defendants, Turner and Scott, got out of the automobile and entered the Bank. Turnipseed also got out of the automobile but crossed the street to purchase a package of cigarettes. After the two had entered the Bank, one of them handed a Treasury check to an operator in order to have the same cashed. It was payable to one Rufus Morris and had been endorsed with his name, but such signature was not Morris’ signature, nor signed by any one authorized to do so. One of the defendants presented an identification to the Bank cashier but when the operator started to check on the identification by telephone, both Turner and Scott fled from the building. The three defendants in the automobile started to drive away, and Turner and Scott ran after the moving car and entered it. Turnipseed saw the car being driven away and returned to his home and went to bed. The Court held that there was no evidence of Turnipseed’s guilt in the record, no evidence that he aided and abetted the forgery of the name of the payee or that he had possession of either check except there was the legitimate inference that such checks were transported by some of his co-defendants when they rode in the borrowed car which was driven by Turnipseed. We do not think that the Turnipseed case aids the appellant in this case and are of the opinion that there was sufficient evidence before the jury from which they could infer that the appellant Graham had knowledge that a crime was to be committed or attempted.
Appellant’s counsel moved the court, just prior to the trial, that the defendant be allowed to waive his presence during the trial or wear a mask during trial. This motion was made because one of the state’s witnesses was to be used to identify the appellant for the first time during the trial. The motion was denied.
The appellant contends that the statute authorizing the presence of the defendant could be waived, citing the cases of Lowman v. State, 1920, 80 Fla. 18, 85 So. 166, and Mulvey v. State, 1949, 41 So.2d 156, which hold, in effect, that the statute is for the benefit of appellant and that he could waive the same. In each of the above cases the appellants had voluntarily absented themselves during certain stages of the trial and sought to use their absences for reversal of their convictions.
Florida Statutes § 914.01, F.S.A. provides :
“In all prosecutions for a felony the defendant shall be present:
“(1) At arraignment;
“(2) When a plea is made;
*719 "(3) At the calling, examination, challenging, impaneling and swearing of the jury;
“(4) At all proceedings before the court when the jury is present;
“(5) When evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury;
“(6) At a view by the jury;
“(7) At the rendition of the verdict ;
“(8) Persons prosecuted for misdemeanors may, at their own request, by leave of court, be tried in their absence from the court.
“Provided, however, that upon the beginning of the trial of a defendant upon any charge contained in any indictment or information and the defendant being present thereat, if said defendant shall thereafter, during the progress of said trial, or before the verdict of the jury shall have been returned into court, voluntarily, without leave of court first had and obtained, absent himself from the presence of the court, the trial of said cause or the return of the verdict of the jury in said case shall not thereby be postponed or delayed, but said trial, the submission of said case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.”
The trial judge, in ruling against permission for the defendant to absent himself during the entire trial, was conforming with the requirement of the statute above set forth that the defendant must be present, with certain exceptions, during the trial of a felony case and his decision was in line with many Florida cases. See Holton v. State, 2 Fla. 476, Brown v. State, 29 Fla. 543, 10 So. 736; Fails v. State, 60 Fla. 8, 53 So. 612.
We have examined other questions submitted by the appellant but find no error in the record and affirm the lower court.
Affirmed.
SHANNON, J., and RAWLS, JOHN, Associate Judge, concur.