PER CURIAM.
Appellant was informed against, tried and convicted of receiving and of concealing stolen property. His defense hinged on a plea of not guilty by reason of insanity. On the trial, which was before the court without a jury, the issue of insanity was required to be decided by the judge as the trier of the facts. The evidence, though in conflict, furnished adequate support for the trial judge’s rejection of the insanity defense, and appellant has failed to show ground to disturb the trial court’s decision on that issue.
In determining the cause the trial court proceeded on the “right or wrong” test of the “rule in M’Naghten’s Case.” Counsel for appellant now urges that we abandon that test in favor of the “irresistible impulse” or “moral insanity” test adopted by the Supreme Court in the State of New Hampshire. We refuse that request, as did the Supreme Court of Florida when similarly importuned in the case of Piccott v. State, Fla.1960, 116 So.2d 626, 627, where the Court said:
“Defendant’s principal argument before us is directed to a plea that this Court should abandon the ‘right or wrong’ test or the ‘Rule in M’Naghten’s Case’ in measuring responsibility of one for criminal acts where the defense of insanity is made, in favor of the ‘irresistible impulse’ or ‘moral insanity’ test adopted by the Supreme Court of New Hampshire in State v. Pike, 1870, 49 N.H. 399, and the similar rule adopted by the Circuit Court of Appeals for the District of Columbia in Durham v. United States, 1954, 94 U.S. App.D.C. 228, 214 F.2d 862, 45 A.L.R. 2d 1430.
Counsel for defendant has done an outstanding job of researching this question and in presenting his views, both in his brief and before this Court. Yet we have not been convinced that the M’Naghten rule is not the best available rule for measuring the mental condition of the individual in terms of accountability for criminal acts. We therefore adhere to the Rule in M’Naghten’s case as do all other jurisdictions except the two above mentioned.”
For the reasons stated the judgment appealed from is affirmed.
Affirmed.