181 So.2d 698 (1966)
Joseph COLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-886.
District Court of Appeal of Florida. Third District.
January 11, 1966.
Rehearing Denied February 4, 1966.
Albert E. Schrader, Jr., Coral Gables, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
HENDRY, Chief Judge.
This is an appeal from a summary denial of the defendant's motion for relief brought pursuant to Criminal Procedure Rule 1, F.S.A., Chapter 924 Appendix.
The appellant was tried before the court without a jury and convicted of receiving or concealing stolen property and passing three worthless checks. He was represented in the trial court on all four felony charges by private counsel. On appeal this court affirmed the conviction and sentence on the charge of receiving or concealing stolen property.[1] The appellant has alleged in his petition the following:
(1) Appellant's attorney was unprepared and requested a continuance which was erroneously denied.
(2) Appellant's attorney refused to call defendant's witnesses and rested his case over appellant's objection.
(3) Testimony was taken while appellant was involuntarily absent from court.
*699 A search of the record fails to reveal a request or motion for continuance by appellant's counsel. The record does disclose that appellant was represented by private counsel at his arraignment and other preliminary stages. In addition, appellant's trial counsel testified that although he had been retained for a very short period of time before trial he had interviewed appellant at length and had gone over all the cases. Thus the allegation that the court erroneously denied a motion for continuance is not factually supported and does not require a formal hearing.[2]
Failure to call defense witnesses and errors in the handling of the case for the defense by trial counsel are not grounds for collateral attack and we find nothing in appellant's allegations which would constitute an exception to this rule.[3]
Appellant entered a plea of not guilty by reason of insanity to the charge of receiving or concealing stolen property. The record reveals that after the court had recessed, and while the defendant remained in the custody of the court, the trial resumed without the presence of the defendant. Appellant's counsel desired to proffer certain testimony of the physician who was to be a witness for the defense and he did not want the defendant to be present. At this point, no substantive testimony took place and the doctor was given additional time to examine the defendant. However, the trial proceeded with the following colloquy:
DEFENSE COUNSEL: "We will call Mrs. Cole as a witness at this time your Honor, because of the nature of the testimony of this witness, I would request the court to waive the appearance of the defendant at this time. I feel that this is the defendant's mother and things might be said here, in fact, I intend to ask them, that will prove very, very hard to reconcile after the case is over, and I waive his appearance."
THE COURT: "Do you have any objection?"
PROSECUTING COUNSEL: "No the State takes the position that the defendant has a right to be present, but it is not mandatory that he be present."
* * * THE COURT: "All right, you may proceed."
Subsequent to a four day recess the trial was again resumed without the presence of the defendant. The following colloquy took place:
DEFENSE COUNSEL: "Let the record reflect that the defense has called as its witness Dr. ____, who has previously been sworn and who previously appeared in this cause, but was granted a continuance in his testimony in order to further examine the defendant."
PROSECUTING COUNSEL: "Let the record also reflect that you are waiving the appearance of the defendant."
THE COURT: "Not waiving but expressly requesting it."
DEFENSE COUNSEL: "Yes, because there might be further examination necessary by this doctor, and I would not want Mr. Cole to know of the previous findings."
The trial was subsequently recessed twice and resumed without the presence of the defendant. Testimony was taken from three physicians who testified for the state and in each instance appellant's counsel waived the defendant's right to be present.
*700 Section 914.01, Fla. Stat., F.S.A. provides:
"In all prosecutions for a felony the defendant shall be present:
"(1) At arraignment;
"(2) When a plea is made;
"(3) At the calling, examination, challenging, impaneling and swearing of the jury;
"(4) At all proceedings before the court when the jury is present;
"(5) When evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury;
"(6) At a view by the jury;
"(7) At the rendition of the verdict;
"(8) Persons prosecuted for misdemeanors may, at their own request, by leave of court, be tried in their absence from the court.
"Provided, however, that upon the beginning of the trial of a defendant upon any charge contained in any indictment or information and the defendant being present thereat, if said defendant shall thereafter, during the progress of said trial, or before the verdict of the jury shall have returned into court, voluntarily, without leave of court first had and obtained, absent himself from the presence of the court, the trial of said cause or the return of the verdict of the jury in said case shall not thereby be postponed or delayed, but said trial, the submission of said case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times."
There are cases which hold, in effect, that this statute is for the benefit of the defendant and may be waived by him in non-capital felony cases.[4] In each of these cases the defendants had voluntarily absented themselves during certain stages of the trial and sought to use their absences for reversal of their conviction. A trial judge's ruling against permission for the defendant to absent himself during the trial of a felony case was held to conform with the requirement of § 914.01, supra.[5] Whether counsel with leave of court may waive the appearance of the defendant in a felony case has not been the subject of judicial determination in this jurisdiction. A review of decisions on this point but not necessarily under a statute such as the one under discussion was compiled in a case decided in a sister jurisdiction.[6] In that case, the court found that the weight of authority is that counsel can not waive the right of the accused to be present. However, because of prior decisions in that jurisdiction the court was unwilling to hold that counsel can not, under any circumstances, waive the right of his client to be present at all stages of the trial but did hold that, in order for the waiver to be binding on the defendant, it must be made in his presence or by his express authority, or be subsequently acquiesced in by him.
That counsel can not, under any circumstances, waive the right of his client to be present during the trial of a felony is not at issue on this collateral attack under Rule 1. Appellant has alleged that he was involuntarily absent from court.
After an examination of § 914.01, supra, and a review of decisions regarding said section, we have determined that if the appellant's right to be present was waived without his knowledge and consent or acquiescence it would be such a denial of *701 appellant's rights under the laws of Florida as to render the judgment vulnerable to collateral attack.[7] The appellant must therefore, be given a formal hearing to determine whether this right was denied without his knowledge and consent or acquiescence.
Accordingly, the order appealed from is reversed and the cause is remanded for proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] Cole v. State, Fla.App. 1965, 172 So.2d 898.
[2] Kemp v. State, Fla.App. 1965, 177 So.2d 58; Wooten v. State, Fla.App. 1964, 163 So.2d 305.
[3] Gillyard v. State, Fla.App. 1965, 175 So.2d 798; Brookins v. State, Fla.App. 1965, 174 So.2d 578.
[4] Mulvey v. State, Fla. 1949, 41 So.2d 156; Lowman v. State, 80 Fla. 18, 85 So. 166 (1920).
[5] Graham v. State, Fla.App. 1964, 160 So.2d 717.
[6] Wilson v. State, 212 Ga. 73, 90 S.E.2d 557 (1955).
[7] Harper v. State, Fla.App. 1964, 168 So.2d 325.