PER CURIAM.
Appellant seeks reversal of an order of the criminal court of record denying his motion for relief under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix after an evidentiary hearing. This is a third appearance of this matter here. On March 9, 1965, this court affirmed the conviction of the appellant of the crimes of receiving and of concealing stolen property. Cole v. State, Fla.App.1965, 172 So.2d 898. Thereafter the defendant filed a motion in the trial court for relief from the judgment of conviction under Criminal Procedure Rule 1. He appealed to this court from an order summarily denying the motion. We *481 reversed, and remanded for an evidentiary hearing on the motion. Cole v. State, Fla. App.1966, 181 So.2d 698. After an eviden-tiary hearing the trial court again denied the defendant’s motion, and this appeal followed.
The ground of the defendant’s Rule 1 motion with which this appeal is concerned was that “Testimony was taken while appellant was involuntarily absent from court.” In the order appealed from the court found: “That the defendant, Joseph Cole, knowingly acquiesced in his attorney’s actions in having the Defendant excluded from the court room during portions of the trial involving the issue of insanity.”
The record reveals that the defendant was excluded from the court room while certain testimony was being given by his mother and by a doctor relating to his mental condition, and that such was done at the instance and request of the defendant’s attorney on the expressed theory that it was in the defendant’s interest that he not be present when such testimony was presented.
At the evidentiary hearing on the Rule 1 motion, on the issue of whether the defendant knowingly waived his right to be present at such times, or knowingly acquiesced in being absent, the evidence was not without conflict but there was ample evidence to support the above quoted finding of the trial judge.
The requirement of § 914.01 Fla. Stat., F.S.A., that “In all prosecutions for a felony the defendant shall be present: * * * (4) At all proceedings before the court when the jury is present,” is mandatory, and is equally applicable in such a prosecution whether the trial is before a jury or is before the court without a jury. However, the requirement is one which may be waived by a defendant in a noncapital felony case. See Mulvey v. State, Fla.1949, 41 So.2d 156; Lowman v. State, 80 Fla. 18, 85 So. 166. Here, from the trial record and the hearing on the Rule 1 motion, there was evidence upon which the trial judge could, and no doubt did rely, which adequately established that the defendant was present when the matter of his exclusion from the court room during the taking of certain testimony was the subject of discussion between counsel and the court; that thereby he was made aware of his right to be present and of the reason for the suggestion or request of his attorney that he be excluded during the taking of such testimony; and that the defendant’s acquiescence therein was sufficiently made to appear by the showing that he accepted without objection the suggestion of his attorney, approved by the court, that he be absent from the court room during the testimony of his mother and the doctor bearing on his mental condition, and from the fact that the defendant affirmatively indicated his consent thereto by nodding to his attorney.
We conclude, therefore, that reversible error has not been shown and that the order appealed from should be affirmed.
Affirmed.