PER CURIAM.
The appellant lent his gun, knowing it was to be used by four others in the com *153 mission of a robbery. Upon conviction as a principal, being an aider and abettor in the crime of armed robbery, per Section 777.-011, Florida Statutes (1979), he was sentenced to a ten-year term with a mandatory minimum three-year sentence per Section 775.087(2), Florida Statutes (1979). This appeal ensued.
The appellant urges error as to two points: first, the sufficiency of the evidence to sustain the conviction and, second, the giving of the mandatory three-year minimum sentence.
As to the first point, we find no merit. Lee v. State, 153 So.2d 351 (Fla. 1st DCA 1963); Graham v. State, 160 So.2d 717 (Fla. 2d DCA 1964); Crum v. State, 172 So.2d 24 (Fla. 3d DCA 1965). As to the second point, we find error. The three culprits who were at the scene of the crime, who did not handle the gun, could not have been given a three-year minimum sentence upon conviction of armed robbery. Arthur v. State, 351 So.2d 60 (Fla. 4th DCA 1977); Earnest v. State, 351 So.2d 957 (Fla.1977); McGowan v. State, 362 So.2d 335 (Fla. 3d DCA 1978). Therefore, we find it was error to give the appellant a three-year minimum sentence upon conviction, when he was not present at the scene.
Therefore, we affirm the conviction and the adjudication of guilt, but we modify the sentence by striking therefrom the provision relating to the three-year mandatory minimum sentence.
Affirmed as modified.