652 So.2d 981 (1995)
Wayne PULA, Appellant,
v.
STATE of Florida, Appellee.
No. 94-204.
District Court of Appeal of Florida, Fifth District.
April 7, 1995.
Wayne Allen Pula, Punta Gorda, pro se.
*982 Robert A. Butterworth, Atty. Gen., Tallahassee, and Carmen F. Corrente, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Pula appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He asserts that the departure reasons given by the trial judge for his sentence, which exceeds the permissible range, were legally insufficient. We affirm.
Pula previously filed a direct appeal in this court after he was convicted of second degree murder and sentenced to life in prison. The judgment and sentence were affirmed. See Pula v. State, 578 So.2d 1115 (Fla. 5th DCA 1991). Pula also collaterally attacked the judgment by filing a motion pursuant to Florida Rule of Criminal Procedure 3.850. The trial court's denial was also affirmed by this court. See Pula v. State, 624 So.2d 737 (Fla. 5th DCA 1993).
The validity of written reasons to support an upward departure from the permissible guidelines sentence is an issue that should and must be raised in the context of the direct appeal. Whether Pula challenged the departure reasons on direct appeal, the legal sufficiency of the reasons has been established as the "law of the case" and this issue cannot be raised in a collateral attack on the sentence by using rule 3.850 or rule 3.800. Sanders v. State, 621 So.2d 723 (Fla. 5th DCA), rev. denied, 629 So.2d 135 (Fla. 1993). See also Gartrell v. State, 626 So.2d 1364 (Fla. 1993); Blount v. State, 627 So.2d 576 (Fla. 2d DCA 1993).
AFFIRMED.
HARRIS, C.J., and GRIFFIN, J., concur.