826 So.2d 363 (2002)
John R. LEPPER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3976.
District Court of Appeal of Florida, Second District.
May 10, 2002.
James F. Pyle, P.A., Lake Alfred, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.

ORDER DISMISSING APPEAL WITHOUT PREJUDICE TO FILING OF TIMELY MOTION PURSUANT TO RULE 3.850
WHATLEY, Judge.
John R. Lepper appeals an order disposing of a motion that the trial court had no authority to consider. At an earlier time, this court decided to treat this case as an appeal from an order denying a motion filed pursuant to rule 3.850. In the motion Mr. Lepper claimed that his plea was unknowing and involuntary because it was based on erroneous advice of counsel. On its own motion, this court concludes that the trial court order is void and that the relevant motion cannot be treated as if it were a postconviction motion. Cf. Polk County v. Sofka, 702 So.2d 1243 (Fla.1997) (finding that if a court's lack of jurisdiction becomes apparent at any stage of proceedings, court is bound to enter appropriate order remedying defect); Bothwell v. State, 450 So.2d 1150 (Fla. 2d DCA 1984) (finding trial court lacked jurisdiction to enter order awarding costs on untimely motion, thus order was void). We conclude that the void order should be stricken and this appeal dismissed without prejudice to Mr. Lepper's right to file a timely motion pursuant to Florida Rule of Criminal Procedure 3.850.
Mr. Lepper pleaded no contest to DUI manslaughter on March 19, 2001. He was sentenced on May 1, 2001, and the written judgment and sentence were rendered May 8, 2001. On June 22, 2001, Mr. Lepper's newly retained attorney filed a motion to withdraw plea. The motion did not state pursuant to what rule it was filed. The motion did not meet the requirements of rule 3.850, and it appears from the record that the trial court proceeded as though the motion was filed pursuant to rule 3.170(l). That rule allows a defendant to attempt to withdraw a plea within 30 days after rendition of sentence. Because, as Mr. Lepper now acknowledges, this motion was filed outside of that 30-day window, the trial court had no authority to consider it.
The motion filed by counsel in this case generally alleges that Mr. Lepper's plea *364 was involuntary. The motion is not sworn and is not sufficient for purposes of rule 3.850. Occasionally, we treat motions similar to this motion as if they were proper postconviction motions. In this case, however, because the motion is facially insufficient, it cannot be treated as one for postconviction relief.
The trial court did not elect to treat this motion as if it were filed pursuant to rule 3.850. Instead, the trial court discussed the merits of the motion and denied it as filed under rule 3.170(l). Because this motion could not be treated as a postconviction motion, the trial court should have stricken it as untimely and unauthorized.
If we reviewed the merits of this appeal, it might prejudice Mr. Lepper's ability to file a timely and sufficient postconviction motion because his next motion might be deemed successive. Accordingly, we dismiss this appeal as an appeal from a void order.
Dismissed.
GREEN and DAVIS, JJ., Concur.