867 So.2d 590 (2004)
Robert WOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-145.
District Court of Appeal of Florida, Fifth District.
March 5, 2004.
*591 Robert Wood, South Bay, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Wood appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he seeks to challenge as invalid the reasons given by the trial court for his "departure sentence" of 50 years. After his conviction for second degree murder in 1991, he was sentenced to an upwards departure sentence of 50 years. We affirm, because the motion is untimely and because it is successive and an abuse of process.
This court affirmed Wood's conviction and sentence in Wood v. State, 635 So.2d 32 (Fla. 5th DCA 1994). He then filed numerous collateral motions to attack his conviction and sentence. This court affirmed the trial court's denials of Wood's three motions filed pursuant to Florida Rule of Criminal Procedure 3.800(a),[1] and dismissed as untimely the appeal of another. Wood then filed a motion pursuant to Rule 3.850, which was construed as a Rule 3.800(a) motion and denied. We again affirmed. See Wood v. State, 816 So.2d 647 (Fla. 5th DCA), cert. denied, 537 U.S. 928, 123 S.Ct. 326, 154 L.Ed.2d 222 (2002).
In this current motion, Wood claims the departure reasons given for his sentence were invalid and that the trial court's prior determination of this issue in an earlier 3.800(a) motion was erroneous, not on the merits, and thus this motion is not successive. Wood misapprehends what is meant by successive and on the merits.
In this case, the circuit court found, first, that Wood's motion is procedurally barred as untimely, since it was filed more than 9 years after his conviction was affirmed on appeal, and there are no allegations that any exception to the time limit in the rule[2] is applicable. That ruling is correct and on the merits.
Second, the trial court ruled this motion is successive. Again the trial court is correct, because after researching its records, the court found that Wood had *592 previously raised the same claims in his fourth rule 3.800(a) motion. In the prior proceeding, the motion was denied by the circuit court and the denial was affirmed by this court in Wood v. State, 761 So.2d 1129 (Fla. 5th DCA 2000). The trial court attached a copy of the prior motion and the court's prior order, which ruled that the validity of the departure reasons given for a departure sentence cannot be raised in a rule 3.800(a) motion, citing Pula v. State, 652 So.2d 981 (Fla. 5th DCA 1995). The court, in that case, also ruled that the sentence imposed did not exceed the statutory maximum.
In Pula, this court explained that the validity vel non of departure reasons given for departure sentences, which do not exceed the statutory maximum, cannot be raised in a motion filed pursuant to rule 3.800(a) or rule 3.850, but must be raised on direct appeal. Failing that, the issue possibly could have been addressed in a timely habeas corpus petition arguing ineffective assistance of appellate counsel. However, that remedy would now be untimely for Wood.[3]
It is clear that the rulings in the prior collateral attack raising the same issues presented here became the law of the case and cannot be re-litigated in a subsequent post-conviction motion. See Ellis v. State, 853 So.2d 484 (Fla. 5th DCA 2003). The rulings are both on the merits and binding.
This case is an example of why the courts must prohibit repetitive meritless pro se motions and appeals. The waste of judicial time and effort is enormous. Not only does the circuit court have to review the court's records to determine whether an issue has been previously raised and then write an opinion and attach the record, this court must also review the order, motion, records of this court and the attached records, and in many cases, including this one, a meritless brief. Accordingly, we order Wood to show cause within 30 days from the date of this opinion why he should not be precluded from filing any further pro se pleadings raising these issues in this criminal case. See State v. Spencer, 751 So.2d 47 (Fla.1999). See, e.g., Steele v. State, 859 So.2d 524 (Fla. 5th DCA 2003); Harvey v. State, 836 So.2d 1102 (Fla. 5th DCA 2003).
AFFIRMED. SHOW CAUSE ISSUED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] See Wood v. State, 761 So.2d 1129 (Fla. 5th DCA 2000); Wood v. State, 650 So.2d 1007 (Fla. 5th DCA 1995); Wood v. State, 641 So.2d 511 (Fla. 5th DCA 1994).
[2] Florida Rule of Appellate Procedure 3.850(b).
[3] See Florida Rule of Appellate Procedure 9.141(c)(4)(B).