907 So.2d 550 (2005)
Michael KELLY, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 3D05-544, 3D04-1020.
District Court of Appeal of Florida, Third District.
June 22, 2005.
Michael Kelly, in proper person.
Charles J. Crist, Jr., Attorney General, and Michael E. Hantman, Assistant Attorney General, for appellee.
Before GERSTEN, FLETCHER, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Michael Kelly appeals the denial of his motion to withdraw his guilty plea, asserting that his plea was involuntary because his attorney misadvised him regarding the sentence-enhancing effect that his conviction would have on a separate case in Broward County. We affirm.
The defendant was charged with strongarm robbery and robbery by sudden snatching. The State filed a notice of intent to seek enhanced penalty pursuant to section 775.084, Florida Statutes, notifying *551 the defendant that he qualified to be sentenced as a habitual violent offender. The defendant's prior convictions included the following: (1) burglary in case number 92-16791(B), (2) armed burglary in case number 91-8761(a), (3) armed robbery, and (4) carrying a concealed firearm. After commencement of trial, the defendant entered into a negotiated plea with the State wherein he pled guilty to the charge of strongarm robbery, the state agreed to nolle pros the charge of robbery by sudden snatching, and the defendant was sentenced to thirty-six months incarceration. At the time of this plea, the defendant had already served thirty-eight months and, therefore, had already completed the sentence.
At the time of the defendant's plea in the instant case, he had already been convicted of home invasion and two counts of false imprisonment after a jury trial in Broward County and sentenced. At the time of his plea in Miami-Dade, the defendant believed that his case in Broward was still pending on appeal and was, therefore, concerned about the effect the plea in Miami-Dade would have on his Broward case if it was reversed on appeal. The record reflects, however, that in fact his convictions had already been affirmed on appeal. See Kelly v. State, 851 So.2d 175 (Fla. 4th DCA 2003).
The defendant filed two pro se motions to vacate his plea in the instant case, on February 13, 2004, and March 8, 2004, seeking to vacate his plea and sentence claiming that he was not properly advised by his Miami-Dade County trial attorney as to the possible consequences his plea in Miami-Dade might have in his Broward case in the event that the Broward case or sentences were reversed. The February 13, 2004 motion was denied on March 5, 2004, and was affirmed by this court on July 16, 2004. Kelly v. State, 876 So.2d 568 (Fla. 3d DCA 2004). The March 8, 2004 motion was also denied by the trial court on March 19, 2004, and it is this denial which the defendant now appeals. We affirm on numerous grounds.
First, we note that the defendant's motion is successive and therefore procedurally barred under Florida Rule of Criminal Procedure 3.850(f);[1] Fla. R.Crim. P. 3.850(f)(allowing dismissal of a successive 3.850 motion if it fails to allege new or different grounds and the prior determination was on the merits); and by the doctrine of the law of the case. Florida Dept. Transp. v. Juliano, 801 So.2d 101 (Fla.2001)(explaining that the doctrine of the law of the case requires that questions of law decided on appeal govern the case in that appellate court and in the trial court in all subsequent stages of the proceedings). We caution the defendant that *552 the filing of successive motions in an attempt to litigate issues that were, or could have been raised in a previous motion is an abuse of the judicial process and may result in adverse consequences. Simon v. State, 904 So.2d 487 (Fla. 3d DCA 2005).
Secondly, the defendant's motion to set aside his Miami-Dade plea on the basis that it "could" affect his resentencing in Broward "if" his case in Broward was reversed on appeal, was pure speculation, and a review of the record demonstrates the wisdom of denying claims based upon speculation of events which have not yet transpired. As stated earlier in this opinion, the defendant's convictions and sentences were affirmed on appeal. As the defendant's convictions and sentences were affirmed in Broward prior to the defendant entering his plea in Miami-Dade, the defendant has not claimed, nor can he claim any adverse consequences from his Miami-Dade County plea in his Broward case, regardless of the advice given in this regard.
Third, generally, "`when counsel misinforms his client of the potential sentence-enhancing consequences of his plea, it is a collateral consequence which does not render a plea involuntary.'" McPhee v. State, 823 So.2d 160, 161 (Fla. 3d DCA 2002)(quoting Cifuentes v. State, 816 So.2d 804 (Fla. 3d DCA 2002)).[2] While this general rule applies to the possible effect of counsel's misadvice regarding the effect a plea may have on sentences imposed on future crimes, we need not reach the issue of whether any alleged misadvice in this case is a collateral consequence which could render this plea involuntary, as (1) the defendant's convictions and sentences were not reversed on appeal; (2) the defendant's claim is successive and therefore procedurally barred; (3) the defendant has previously raised this claim and the trial court's ruling was affirmed on appeal; and because (4) a review of the plea transcript clearly refutes the defendant's claim of misadvice.
The record reflects that the defendant, the defendant's trial attorney and the trial judge specifically and extensively addressed the effect his Miami-Dade plea could have upon a resentencing, if that were to occur, in the Broward case. A portion of that discussion is as follows:
THE COURT: Mr. Britt, you had a conversation with Mr. Kelly explaining to him that  he seems to have a very good understanding of what is going on in his Broward case  that we don't control what effect this case has on the Broward case and that it has whatever effect it has. I don't know if he is correct, but he seems to have a better understanding of what is going on in Broward than most defendants that appear in front of me. But did you explain to him that we don't have any control over what this case does to that case and whether he can be habitualized on a resentencing or not?
MR. BRITT: I did, Judge. Obviously, if Broward County feels like they can, I can't do anything about that, but I would disagree with it.
THE COURT: I think that the way we said it, discussed this side bar is this case is an immediate threat to him which may have immediate consequences to him. The Broward case is a possible threat, which may have consequences and whether or not he wanted to deal with the immediate threat or not.
MR. BRITT: Yes.
*553 It is thus clear that the defendant was properly advised of the possible adverse consequences of his Miami-Dade convictions if the defendant's convictions or sentences were reversed in Broward. The record therefore unequivocally disputes the defendant's claim of misadvice.
Affirmed.
NOTES
[1] Although the defendant's motion to withdraw states that it is brought pursuant to Florida Rule of Criminal Procedure 3.172, Rule 3.172 only allows the withdrawal of a plea before a sentence is rendered. Harrell v. State, 894 So.2d 935 (Fla.2005). A motion to withdraw a plea under Rule 3.170(f) also allows the withdrawal of a plea only before a sentence is rendered, and a motion to withdraw under Rule 3.170(l) only allows the withdrawal of a plea within thirty days after a sentence is rendered. Id.; Lepper v. State, 826 So.2d 363 (Fla. 2d DCA 2002)(explaining that a trial court has no authority to consider a motion to withdraw pursuant to Rule 3.170(l) that is filed outside of the 30-day window). As the defendant's motion to withdraw was filed more than thirty days (but less than two years) after sentence was rendered, the only rule which the motion could have been properly brought under was Rule 3.850. Fla. R.Crim. P. 3.850(a)(5)(listing the involuntariness of a plea as a ground to claim relief from judgment); See also Lepper, 826 So.2d at 364 (noting that courts occasionally treat untimely filed motions to withdraw filed under Rule 3.170(l) as if they were proper postconviction motions).
[2] But see, Miralles v. State, 837 So.2d 1083 (Fla. 4th DCA 2003); Jones v. State, 814 So.2d 446 (Fla. 4th DCA 2001).