PLEUS, C.J.
Hughon Brown appeals an order denying his motion for a new sentencing hearing. We dismiss for lack of jurisdiction.
*677 Brown’s trial for second degree murder began in March 1993. On the second day of trial, Brown failed to appear. The jury found Brown guilty as charged in absentia. The trial court issued a capias for Brown.
Sentencing was set for April 13, 1993. Brown failed to appear. The court reset the sentencing hearing for May 26, 1993. On that day, Brown again failed to appear. The court sentenced Brown in absentia to 22 years in prison.
Ten years later, on April 17, 2003, Brown was arrested on the outstanding capias in this case. In June 2005, Brown filed a motion for new sentencing hearing, pursuant to Florida Rules of Criminal Procedure 3.720 and 3.180(a)(9), arguing that he was entitled to be resentenced because he did not voluntarily waive his right to be present at the original sentencing. The lower court denied this motion finding that Brown waived his right to be present at sentencing by voluntarily absenting himself from the trial. Brown appealed.
The order on appeal is not a final judgment adjudicating guilt, final order withholding adjudication, order denying' relief pursuant to Florida Rules of Criminal Procedure 3.800, 3.850, 3.853, or any other type of appealable order under Florida Rule of Appellate Procedure 9.140. The motion purports to be filed pursuant to Florida Rules of Criminal Procedure 3.180 and 3.720, neither of which authorize relief in the form of a posteonviction motion.
There are some older cases authorizing postconviction relief where a defendant’s right to be present at trial was waived without his knowledge and consent. Cole v. State, 181 So.2d 698, 700-01 (Fla. 3d DCA 1966) (citing Harper v. State, 168 So.2d 325 (Fla. 1st DCA 1964)). However, even if the trial court could have treated this as a motion filed pursuant to Rules 3.800 or 3.850, it would, have been untimely because it was not filed within two years of sentencing. Fla. R.Crim. P. 3.850(b).
In a similar case, Lepper v. State, 826 So.2d 363 (Fla. 2d DCA 2002), the defendant filed an untimely motion to withdraw his plea under Florida Rule of Criminal Procedure 3.170. The trial court denied the motion on the merits. The appellate court found that the motion was unauthorized and therefore the order denying it on the merits was void. The court dismissed the appeal without prejudice to file a timely postconviction motion pursuant to Rule 3.850. Id. at 364.
In the instant case, the trial court should have stricken the motion instead of denying it on the merits. It was an unauthorized postconviction motion. In addition, and unlike Lepper, it was untimely under Rule 3.850. ■ Thus, our dismissal is with prejudice.
 Even if we had jurisdiction, we would affirm. Although defendants have a constitutional right to be present at sentencing, they may waive that right. Capuzzo v. State, 596 So.2d 438 (Fla.1992). In Capuzzo, the supreme court expressly disapproved Wagner v. State, 519 So.2d 751 (Fla. 4th DCA 1988), which had facts similar to the instant case in that the defendant absconded during trial and was sentenced in absentia. Wagner held that trial courts cannot sentence defendants in absentia for felony offenses. The supreme court disagreed, reasoning that “[wjhere a defendant absents himself or herself by fleeing the court’s jurisdiction, that defendant cannot claim lack of an express waiver. In such circumstances, securing an express waiver is impossible and the defendant’s actions constitute a valid waiver.” Capuzzo, 596 So.2d at 440. The same rationale applies in the instant case.
*678 Accordingly, we dismiss this appeal, with prejudice, for lack of jurisdiction.
APPEAL DISMISSED WITH PREJUDICE.
THOMPSON and SAWAYA, JJ., concur.