944 So.2d 1069 (2006)
Israel CONCEPCION, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2550.
District Court of Appeal of Florida, Third District.
September 1, 2006.
*1070 Israel Concepcion, in proper person.
Charles J. Crist, Jr., Attorney General, and Robin F. Hazel, Assistant Attorney General, for appellee.
Before GERSTEN, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Israel Concepcion ("Concepcion"), appeals the trial court's September 22, 2005 order denying his second motion for postconviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure, which was entered after rehearing. We affirm and order Concepcion to show good cause why he should not be prohibited from filing further pro se proceedings with this court concerning his convictions and the sentences imposed on October 11, 1996, for attempted first degree murder with a firearm and discharging a firearm in a vehicle, in case number 95-9428(A).

PROCEDURAL HISTORY
On direct appeal, the defendant specifically claimed that the sentences imposed were departure sentences, which the trial court imposed without filing contemporaneous written reasons, and were based upon an incorrectly scored sentencing scoresheet. After review of the arguments raised and the record, this court affirmed Concepcion's convictions and sentences. See Concepcion v. State, 704 So.2d 533 (Fla. 3d DCA 1997).
On December 9, 1999, Concepcion filed his first motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 ("Rule 3.850"), again attacking his sentence, alleging both ineffective *1071 assistance of trial counsel and error on the part of the trial court. This motion was denied by the trial court on August 29, 2000, and this court affirmed the denial on July 25, 2001. See Concepcion v. State, 796 So.2d 1177 (Fla. 3d DCA 2001). Concepcion then sought to have the Florida Supreme Court review this court's affirmance, which the Florida Supreme Court ultimately dismissed. Concepcion v. State, 794 So.2d 604 (Fla.2001).
Undaunted, Concepcion filed a petition for writ of habeas corpus on March 7, 2002, claiming that appellate counsel provided ineffective assistance of counsel for failing to raise on direct appeal the failure of the trial court to issue contemporaneous written reasons for departure, a claim which was raised on direct appeal and rejected by this court, and for failing to raise a claim of vindictive sentencing. The defendant's petition was denied by this court on May 15, 2002. Concepcion v. State, 821 So.2d 1072 (Fla. 3d DCA 2002).
On August 26, 2003, Concepcion filed his second Rule 3.850 motion, which was his fourth attempt to challenge the departure sentence imposed. This motion was denied by the trial court on September 10, 2003, and affirmed by this court on December 3, 2003. Concepcion v. State, 861 So.2d 38 (Fla. 3d DCA 2003).
On March 7, 2005, Concepcion, perhaps realizing that a 3.850 motion for postconviction relief would be time-barred and procedurally barred as successive, filed the instant motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), again challenging the departure sentence imposed. The trial court denied the motion on April 25, 2005, and denied rehearing on September 22, 2005.

LEGAL ANALYSIS
We conclude, as did the trial court, that Rule 3.800(a) is an improper vehicle to challenge the validity of a departure sentence. See Wood v. State, 867 So.2d 590, 592 (Fla. 5th DCA 2004)(holding that "the validity vel non of departure reasons given for departure sentences, which do not exceed the statutory maximum, cannot be raised in a motion filed pursuant to rule 3.800(a) or rule 3.850, but must be raised on direct appeal"); Wright v. State, 864 So.2d 1153, 1154 (Fla. 2d DCA 2003)(noting that "a challenge to departure reasons is not cognizable in a rule 3.800(a) motion"), decision approved, 911 So.2d 81 (Fla.2005). We, therefore, affirm the trial court's denial of the instant motion.[1]
The defendant's attempt to relitigate his challenge to his enhanced sentence is additionally barred by the doctrines of the law of the case and collateral estoppel. See State v. McBride, 848 So.2d 287 (Fla.2003)(holding that questions of *1072 law which have been decided on appeal become the law of the case, precluding relitigation of the issue in subsequent appeals, unless the application of these doctrines would result in manifest injustice). As we conclude that Concepcion has previously raised this issue and has had the benefit of appellate review regarding the same arguments raised herein, we find that the instant appeal is barred by the law of the case and collateral estoppel. As the issue has already been adversely decided on the merits, the claim is not cognizable pursuant to Rule 3.800(a), and it is time-barred and procedurally barred pursuant to Rule 3.850, we conclude that no manifest injustice would result.

ORDER TO SHOW CAUSE
It is now ten years since the defendant's convictions and sentences were entered and nine years since the defendant's convictions and sentences have become final on appeal. Throughout this ten-year period, Concepcion has filed a direct appeal, two motions seeking postconviction relief pursuant to 3.850, a Rule 3.800(a) motion, a petition for review by the Florida Supreme Court, and several motions for rehearing, all attacking the departure sentence imposed. We recognize that incarcerated persons must be provided with a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations, see Art. I, § 21, Fla. Const. ("The courts shall be open to every person for redress of any injury. . . ."); State v. Spencer, 751 So.2d 47, 49 (Fla.1999)(citing Rivera v. State, 728 So.2d 1165, 1166 (Fla. 1998)); Hepburn v. State, 934 So.2d 515 (Fla. 3d DCA 2005). On the other hand, successive motions which have been heard, considered, rejected, and then raised again, are an abuse of process. Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995). We, therefore, order Concepcion to show good cause why he should not be prohibited from filing further pro se pleadings with this court pertaining to case number 95-9428(A).
Affirmed; order to show cause issued.
NOTES
[1] It appears that the trial court treated the instant motion as filed pursuant to Rule 3.850, after perhaps concluding that 3.800(a) was not the proper vehicle to challenge a departure sentence, and thereafter, denied the motion as successive. We conclude that, even if we were to treat the motion as a 3.850 motion for postconviction relief, we would find, as did the trial court, that the instant motion is successive and thus, procedurally barred. See Fla. R.Crim. P. 3.850(f)("Successive Motions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules."); see also Kelly v. State, 907 So.2d 550, 551 (Fla. 3d DCA 2005)(holding that "the filing of successive motions in an attempt to litigate issues that were, or could have been raised in a previous motion is an abuse of the judicial process and may result in adverse consequences").