947 So.2d 681 (2007)
Charles L. McGEE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5442.
District Court of Appeal of Florida, Second District.
February 2, 2007.
*682 James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Charles L. McGee, pro se.
Bill McCollum, Attorney General, Tallahassee, and Anne S. Weiner, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Charles L. McGee appeals his judgment and sentence, specifically challenging an order denying his motion to withdraw plea filed after sentencing. Because we lack jurisdiction, we dismiss McGee's appeal.
On August 24, 2004, McGee pleaded no contest to charges of felony fleeing to elude law enforcement and resisting arrest without violence. In the judgment and sentence rendered August 24, 2004, McGee was sentenced to 71.25 months in prison. On September 29, 2004, McGee filed his motion to withdraw plea. McGee filed a second motion to withdraw plea on October 1, 2004. On August 16, 2005, the trial court denied the motions as untimely since they were filed beyond the 30-day time period set forth in Florida Rule of Criminal Procedure 3.170(l). On October 5, 2005, the trial court denied McGee's motion for rehearing and clarification with respect to the trial court's order of August 16, 2005. McGee then filed his notice of appeal on November 2, 2005.
Pursuant to Florida Rule of Appellate Procedure 9.140(b)(3), defendants in criminal cases are required to commence their appeals within 30 days of rendition of a written order imposing sentence. In this case, the time to file an appeal expired on September 23, 2004. If McGee had timely filed his motion to withdraw plea, the time for filing his notice of appeal would have been tolled. See Fla. R.App. P. 9.020(h)(1). However, untimely motions do not toll the time to file an appeal. See Thomas v. State, 884 So.2d 309, 311 (Fla. 2d DCA 2004). Consequently, McGee's November 2, 2005, notice of appeal was untimely as to his August 24, 2004, judgment and sentence. We therefore dismiss this appeal for lack of jurisdiction without prejudice to any right McGee might have to file a belated motion pursuant to Florida Rule of Criminal Procedure 3.850.
Dismissed.
ALTENBERND and SALCINES, JJ., Concur.