960 So.2d 888 (2007)
Stephen PERRETTE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4411.
District Court of Appeal of Florida, Fourth District.
July 18, 2007.
*889 Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant appeals his conviction and sentence following a plea to a felony battery charge. The public defender filed an Anders Brief. However, in reviewing the record, we find this appeal to be premature. We therefore remand the case to the trial court.
The defendant entered a plea to one count of felony battery in exchange for the State's nolle prosequi of a count for attempted sexual battery. The trial court sentenced the defendant to five years in Florida State Prison. Within thirty days of his sentence, the defendant filed a pro se motion to withdraw plea, alleging that his plea was involuntary based upon the misadvice of counsel. More specifically, the defendant alleged that his lawyer had told him that he should plead to the felony battery charge in exchange for the State's nolle prosequi of the attempted sexual battery charge because the latter charge carried a twenty-five-year mandatory minimum sentence. When the motion was filed, the defendant was represented by counsel. The trial court never ruled on the motion.
The public defender filed an Anders Brief, not only suggesting there were no issues of merit, but also suggesting that there would be no need to remand the case for a ruling on the motion to withdraw because the misadvice alleged was actually not misadvice. In essence, the public defender agreed with the state that the mandatory minimum twenty-five-year sentence did apply to the attempted sexual battery charge.
Our review of the record reveals the following. First, the pro se motion to withdraw was timely filed. See Fla. R.Crim. P. 3.170(l). Second, the filing of the motion suspended rendition of the conviction and sentence. This renders the notice of appeal premature. McGee v. State, 947 So.2d 681, 682 (Fla. 2d DCA 2007).
Third, the pro se motion falls within an exception to the general rule preventing a defendant from filing pro se motions while represented by counsel. See Bermudez v. State, 901 So.2d 981, 984 (Fla. 4th DCA 2005) (pro se motion to withdraw was not a nullity even though defendant was represented by counsel). Fourth, an evidentiary hearing will be necessary to resolve the motion to withdraw. See Cadet v. State, 795 So.2d 228, 229 (Fla. 4th DCA 2001).
We therefore remand the case to the trial court for appointment of conflict-free counsel and an evidentiary hearing on the defendant's pending motion.
Remanded.
GUNTHER, FARMER and MAY, JJ., concur.