PER CURIAM.
Upon consideration of the appellant’s supplemental response to order to show cause, dated June 12, 2007, the Court concludes that the motion to withdraw plea of nolo contendere or vacate judgment and sentence, which failed to cite that it was being filed in accordance with any rule and which was filed more than 30 days after the rendition of the appellant’s judgment and sentence, was untimely pursuant to Florida Rule of Criminal Procedure 3.170(l). The Court sua sponte concludes that the trial court order which denied the motion is void because the trial court had no authority to consider the merits of the motion.[1] See Lepper v. State, 826 So.2d 363 (Fla. 2d DCA 2002) (citing Polk County v. Sofka, 702 So.2d 1243 (Fla.1997), which states that if a court’s lack of jurisdiction becomes apparent at any stage of the proceedings, the court should enter an appropriate order to remedy the defect). It follows that the untimely filed motion to withdraw plea thus failed to delay rendition of the judgment and sentence pursuant to Florida Rule of Appellate Procedure 9.020(h), and consequently the notice of appeal of the judgment and sentence was also untimely pursuant to Florida Rule of Appellate Procedure 9.140(b)(3). See McGee v. State, 947 So.2d 681 (Fla. 2d DCA 2007). Accordingly, the appeals of the motion to withdraw plea and the judgment and sentence are dismissed. See Lepper, 826 So.2d at 364. Furthermore, the appellant’s motion for extension of time for filing appellant’s initial brief, filed on July 9, 2007, is denied as moot.
DISMISSED.
ALLEN, WOLF, and LEWIS, JJ., concur.

. Notably, the motion was unsworn and therefore could not be treated as a rule 3.850 motion. See Lepper.