PER CURIAM.
Appellant challenges the denial of his motion to correct an illegal sentence, attacking the evidentiary basis of the reasons the trial court gave for an upward departure. We affirm. Challenges to the validity of the factors the trial court used to depart upward in sentencing, if preserved, can be raised in direct appeal from sentencing, but they are not claims of illegal sentence cognizable in a rule 3.800 or rule 3.850 motion. See Austin v. State, 874 So.2d 47, 48 (Fla. 4th DCA 2004) (rule 3.800 motion); Pula v. State, 652 So.2d 981, 982 (Fla. 5th DCA 1995) (rule 3.850 motion). Here, appellant did file a direct appeal from his conviction and sentence, which this court summarily affirmed. See Wright v. State, 663 So.2d 639 (Fla. 4th DCA 1995). Thus, he had the opportunity to raise this issue. As such, the validity of the reasons has become the “ ‘law of the case.’ ” Pula, 652 So.2d at 982 (quoting Sanders v. State, 621 So.2d 723 (Fla. 5th DCA 1993)); see also Wood v. State, 867 So.2d 590, 592 (Fla. 5th DCA 2004).

Affirmed.

WARNER, HAZOURI and LEVINE, JJ., concur.