DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**WAYNE M. BEATON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2400

[November 19, 2014]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Robin Rosenberg, Judge; L.T. Case No. 501994CF009810A.

Wayne M. Beaton, Bowling Green, pro se.

No appearance required for appellee.

*ON ORDER TO SHOW CAUSE*

PER CURIAM.

In case number 4D14-2400, Wayne Beaton appealed the denial of a petition for writ of habeas corpus that was treated as a rule 3.800(a) motion to correct an illegal sentence, and this Court affirmed. Because he has repeatedly raised the same challenges to his 1996 convictions and sentences, we issued an order to show cause why he should not be prohibited from further *pro se* filing and referred to prison officials for disciplinary proceedings. *See State v. Spencer*, 751 So. 2d 47 (Fla. 1999); *see also* § 944.279(1), Fla. Stat. (2013). Beaton was previously issued a warning about frivolous filing in case number 4D11-3944 and was issued an order to show cause regarding sanctions in case number 4D13-143. He continues to raise the same claims regarding the admissibility of an incriminating statement and challenges to the grounds for his upward departure sentences.

This Court has again considered the merits of his claims and found no manifest injustice. We have repeatedly found that the questioning was

part of a single continuing session of interrogation and the officers did not have to re-advise him of his *Miranda* rights. Beaton's sentences are not illegal, and the grounds for departure cannot be challenged in a postconviction motion. *See Wright v. State,* 126 So. 3d 1204 (Fla. 4th DCA 2012); *Austin v. State,* 874 So. 2d 47 (Fla. 4th DCA 2004). We also disagree with Beaton that the trial court did not cite any valid grounds for an upward departure sentence.

Having reviewed Beaton's response to this Court's order, we find that he has not shown any cause why sanctions should not be imposed for abusive filing. Accordingly, we impose sanctions. The Clerk of this Court is directed to no longer accept any paper filed by Wayne Beaton unless the document is signed by a member in good standing of the Florida Bar. Beaton has litigated the same claims in this Court numerous times, and the appeal in this case is frivolous and an abuse of process. As a result, the Clerk is directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures pursuant to the rules of the Department of Corrections. *See* § 944.279(1), Fla. Stat. (2013).

WARNER, STEVENSON and CIKLIN, JJ., concur.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***

2