# Third District Court of Appeal

## State of Florida

Opinion filed August 9, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-817
Lower Tribunal No. 08-21027
_____

**Samson Hyland,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Samson Hyland, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SUAREZ, SALTER, and FERNANDEZ, JJ.

SUAREZ, J.

We affirm without discussion the trial court's Order denying Defendant Samson Hyland's most recent 3.850 motion.

ORDER TO SHOW CAUSE

Since 2014 Hyland has filed numerous petitions and appeals to this Court regarding the legality of his sentence and the evidence presented at his trial.[1]  We recognize that incarcerated persons must be provided with a full panoply of procedural vehicles with which to challenge the lawfulness of their incarceration. State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999).  On the other hand, successive motions which have been heard, considered, rejected and then raised again are an abuse of process.  Concepcion v. State, 944 So. 2d 1069, 1072 (Fla. 3d DCA 2006).

This Court has the authority to limit abuses of process by *pro se* litigants. Consequently, Hyland is hereby directed to show cause within forty-five days of this opinion, as to why he should not be prohibited from filing any further pro se appeals, petitions, motions or other pleadings related to his criminal conviction in circuit court case number F08-21027.

---

[1] The following describe the many occasions this Court has reviewed Hyland's related and unsuccessful motions and petitions related to circuit court case number F08-21027.  Hyland v. State, 2017 WL 2211360 (Fla. 3d DCA Apr. 24, 2017); Hyland v. State, 2017 WL 1403603 (Fla. 3d DCA Mar. 30, 2017); Hyland v. State, 2017 WL 1423532 (Fla. 3d DCA Mar. 31, 2017); Hyland v. State, 211 So. 3d 1048 (Fla. 3d DCA 2016); Hyland v. State, 199 So. 3d 272 (Fla. 3d DCA 2016); Hyland v. State, 2015 WL 77988 (Fla. 3d DCA Jan. 7, 2015); Hyland v. State, 160 So. 3d 439 (Fla. 3d DCA 2014); and Hyland v. State, 138 So. 3d 454 (Fla. 3d DCA 2014).

If Hyland does not demonstrate good cause, we will direct the Clerk of this Court not to accept any such filings unless they have been reviewed by, and bear the signature of, a licensed attorney in good standing with the Florida Bar.

Additionally, and absent a showing of good cause, any further and unauthorized filings by Hyland will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action. See, §944.279(1), Fla. Stat. (2016).