PER CURIAM.
Defendant appeals the upward departure sentence entered on his convictions for armed burglary, aggravated assault and aggravated battery. We affirm.
The trial court’s written reason for exceeding the sentencing guidelines range was that after committing the crimes, the defendant returned to the scene whereupon he threatened and shot at the victims because they had contacted the police. Defendant claims that the reason given was legally insufficient on two grounds.
First, defendant claims that threats are an essential element of the crimes of which the defendant was convicted. However, a cursory reading of sections 810.02, 784.045, 784.021, and 784.011, Florida Statutes (1989), shows that a threat after the fact to a crime victim who contacted police is not an essential element of any of the offenses. While defendant correctly points out that criminal intent alone is an improper departure reason, e.g., Dixon v. State, 513 So.2d 1378 (Fla. 3d DCA 1987), such was not the reason given here. Threatening a victim subsequent to the offense is a proper departure reason. Walker v. State, 496 So.2d 220 (Fla. 3d DCA 1986). See Rodri *1150 guez v. State, 547 So.2d 708 (Fla. 2d DCA 1989); Knotts v. State, 538 So.2d 826 (Fla. 1st DCA 1988).
Second, defendant claims that since threatening or shooting at a witness is a statutory violation of which he was not convicted, § 914.22, Fla.Stat. (1989), the departure sentence was improperly based on that ground. Johnson v. State, 535 So.2d 651 (Fla. 3d DCA 1988). However, the defendant was never charged with a violation of section 914.22; thus, the threats were acceptable grounds for upward departure. Walker.
Affirmed.