PER CURIAM.
The appellant contends that the trial court erred by denying her Rule 1.540 motion, Florida Rules of Civil Procedure. In Nationwide Mutual Fire Insurance Co. v. Phillips, 640 So.2d 53 (Fla.1994), based on World Wide Underwriters Insurance Co. v. Welker, 640 So.2d 46 (Fla.1994), the supreme court quashed this court’s opinion in Nationwide Mutual Fire Insurance Co. v. Phillips, 609 So.2d 1385 (Fla. 5th DCA 1992).
In Petrysian v. Metropolitan General Insurance Co., 645 So.2d 603 (Fla. 5th DCA 1994), based on the supreme court’s decision in Welker, we upheld the trial court’s determination that Petrysian did not have the asserted insurance coverage. Subsequently, in Government Employees Insurance Co. v. Douglas, 654 So.2d 118 (Fla.1995), the supreme court receded from its application of Welker to the circumstances of Nationwide. Although supreme court review of Douglas was pending at the time we decided Petry-sian’s ease, Petrysian did not seek further review of our decision. It is likely she would have prevailed had she done so.
A change in the applicable rule of law resulting from a later appellate decision in an unrelated case is not a ground to vacate a final order. Theisen v. Old Republic Insurance Co., 468 So.2d 434 (Fla. 5th DCA 1985). We regret that appellant was frustrated by the timing of the supreme court’s decisions, but we cannot grant relief from the application of the law as it existed at the time of her appeal.
AFFIRMED.
PETERSON, C.J., and DAUKSCH and ANTOON, JJ., concur.