On Order to Show Cause

PER CURIAM.
On January 16, 2013, we issued an order treating Whipple’s petition for common law writ of habeas corpus as a Florida Rule of Appellate Procedure 9.141(d) petition alleging ineffective assistance of appellate counsel, and denied the petition. At the same time, we ordered Whipple to show cause why he should not be prevented from filing further pro se appeals, petitions, or motions in this court regarding the conviction and sentence imposed in lower tribunal Case No. 93-40908. See State v. Spencer, 751 So.2d 47 (Fla.1999) (holding a court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond). After carefully considering Whipple’s response to this court’s order, we conclude good cause has not been shown.
Accordingly, Whipple now is prohibited from filing any further pro se appeals, pleadings, motions, or petitions in this court relating to the conviction and sentence in Case No. 93-40908. We direct the Clerk of the Third District Court of Appeal to refuse to accept any such papers relating to lower court Case No. 93^10908, unless they have been reviewed and signed by an attorney who is a duly licensed *541 member of the Florida Bar in good standing. See Johnson v. State, 915 So.2d 682 (Fla. 3d DCA 2005) (ordering, after repeated denials of frivolous pro se filings, that any future papers filed be reviewed and signed by an attorney licensed to practice law). We also caution Whipple that a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court is subject to having his gain-time forfeited. See Minor v. State, 963 So.2d 797 (Fla. 3d DCA 2007).