# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1675
Lower Tribunal Nos. 81-27860C, 82-1408

_____

**Vincent L. Philpot,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Robert J. Luck, Judge.

Vincent L. Philpot, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before WELLS, EMAS and FERNANDEZ, JJ.

PER CURIAM.

Appellant, Vincent Philpot, appeals from an order summarily denying his pro se motion to vacate his judgments and sentences entered more than thirty years ago following a negotiated plea. We affirm, and issue the following order to show cause.

## ORDER TO SHOW CAUSE

Philpot raised below, and here on appeal, the same ineffective assistance of counsel claim[1] which had been decided on the merits, and adversely to him, on at least two other occasions. The evidence which Philpot claims is "newly-discovered" is precisely the same evidence Philpot relied upon when he filed his previous claims in 1994 and in 2010. The lower court denied relief of the 1994 claim and, on appeal, this Court affirmed. See, Philpot v. State, 668 So. 2d 243 (Fla. 3d DCA 1996). Philpot filed a second motion in 2010, alleging additional "newly-discovered" evidence. The trial court conducted an evidentiary hearing and denied the motion on the merits. On appeal, this Court affirmed, finding the trial court should have summarily denied the claim as time-barred and successive. See, Philpot v. State, 120 So. 3d 1274 (Fla. 3d DCA 2014).

---

[1] The mere fact that Philpot has styled his "new" claim as one involving "fraud and misrepresentation" is of no moment; his claim is premised upon the very same factual and legal bases as his prior claims of ineffective assistance of counsel, and seeks the same relief.

2

Nevertheless, Philpot returned to the lower court a third time, seeking the same relief upon the same claims that were previously raised in his two prior motions, determined adversely on the merits, and affirmed on appeal.

Philpot has engaged in the filing of meritless, frivolous and successive claims, continuing to seek relief from this Court notwithstanding prior adverse determinations on the merits. Philpot's actions have caused this Court to expend precious and finite judicial resources which could otherwise be devoted to cases raising legitimate claims. Hedrick v. State, 6 So. 3d 688, 691 (Fla. 4th DCA 2010) ("A legitimate claim that may merit relief is more likely to be overlooked if buried within a forest of frivolous claims.").

While pro se parties must be afforded a genuine and adequate opportunity to exercise their constitutional right of access to the courts, that right is not unfettered. The right to proceed pro se may be forfeited where it is determined, after proper notice and an opportunity to be heard, that the party has abused the judicial process by the continued filing of successive or meritless collateral claims in a criminal proceeding. State v. Spencer, 751 So. 2d 47 (Fla.1999). As our sister court aptly described it, there comes a point when "enough is enough." Isley v. State, 652 So. 2d 409, 410 (Fla. 5th DCA 1995). Although termination of the right to proceed pro se will undoubtedly impose a burden on a litigant who may be unable to afford counsel, courts must strike a balance between the pro se litigant's right to

participate in the judicial process and the courts' authority to protect the judicial process from abuse.

Therefore, Appellant Vincent L. Philpot is hereby directed to show cause, within thirty days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, pleadings, motions, or petitions relating to his convictions, judgments and sentences in circuit court case numbers 81-27860C and 82-1408. Absent a showing of good cause, we intend to direct the Clerk of the Third District Court of Appeal to refuse to accept any such papers relating to these circuit court case numbers unless they have been reviewed and signed by an attorney who is a duly licensed member of The Florida Bar in good standing.

Additionally, and absent a showing of good cause, any such further and unauthorized pro se filings by this defendant will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2012).

4