# Third District Court of Appeal

**State of Florida**


Opinion filed October 15, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2226
Lower Tribunal No. 93-14423
_____


**Ananias Westbrook,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Ananias Westbrook, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before WELLS, EMAS and LOGUE, JJ.

PER CURIAM.

We affirm without further discussion the trial court's order denying Appellant's motion to correct illegal sentence. However, we write to place Appellant Ananias Westbrook on notice that the issue in the instant appeal has been raised by him in prior motions filed with the trial court and in prior appeals filed with this court, and has been resolved on the merits adversely to Appellant. See Westbrook v. State, 122 So. 3d 378 (Fla. 3d DCA 2013); Westbrook v. State, 116 So. 3d 391 (Fla. 3d DCA 2013). The filing of repetitive motions, and the prosecution of repetitive appeals, seeking to re-litigate claims which have previously been resolved on the merits and affirmed on appeal constitutes an abuse of the judicial process and subjects a pro se party to sanctions. The right to proceed pro se may be forfeited where it is determined, after proper notice and an opportunity to be heard, that the party has abused the judicial process by the continued filing of successive, meritless or frivolous collateral claims in a criminal proceeding. State v. Spencer, 751 So. 2d 47 (Fla. 1999). Other possible sanctions include the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action. See § 944.279(1), Fla. Stat. (2014). "Given the possibility of sanctions, prisoners should 'stop and think' before filing frivolous collateral criminal challenges or appeals." Marc v. State, 46 So. 3d 1045 (Fla. 4th DCA 2010) (quoting Spencer v. Fla. Dep't of Corr., 823 So. 2d 752, 756 (Fla. 2002)).

Affirmed.