# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2016.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D15-1430
Lower Tribunal No. 00-38717

————————————

**Diego J. Jimenez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Nushin G. Sayfie, Judge.

Diego J. Jimenez, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before ROTHENBERG, LAGOA, and SALTER, JJ.

LAGOA, J.

*On Order to Show Cause*

On September 5, 2003, the trial court sentenced Diego J. Jimenez ("Jimenez") to sixty years and 364 days in prison based upon convictions for aggravated assault of a law enforcement officer, depriving an officer of his means of communication, two counts of battery, and three counts of resisting arrest with violence. Jimenez has since filed an overwhelming number of pro se motions challenging his conviction and sentence, as well as multiple petitions for writs of habeas corpus. On March 16, 2016, we ordered Jimenez to show good cause why he should not be prohibited from filing further pro se proceedings in this Court concerning his conviction and sentence imposed in case number F00-38717. See State v. Spencer, 751 So. 2d 47, 49 (Fla. 1999) (holding that upon a demonstration of abuse, a court can restrict future pro se pleadings if it first provides a pro se litigant reasonable notice and an opportunity to respond). After carefully considering Jimenez's response to this court's show cause order, we conclude that good cause has not been shown, and prohibit him from filing any additional pro se papers relating to the convictions and sentences in this case.

I.    FACTUAL & PROCEDURAL HISTORY

On March 19, 2015, the trial court issued Jimenez an order to show cause why he should not be barred from filing any further pro se pleadings. Jimenez filed a Written Response to Order to Show cause on April 28, 2015. Not satisfied that Jimenez had shown good cause, the trial court issued an order on May 19,

2015, prohibiting Jimenez from filing further pro se pleadings, motions, or petitions. The trial court also adjudged that any violation of its order would result in the trial court referring the matter to the Department of Corrections for appropriate disciplinary action pursuant to section 944.279, Florida Statutes (2015).

Jimenez has filed at least five pro se motions for post-conviction relief pursuant to Florida Rules of Criminal Procedure 3.800(a) and 3.850, and multiple petitions for writs of habeas corpus—both at the state and federal level. The trial court denied three of Jimenez's post-conviction motions filed May 29, 2008, March 3, 2008, and October 5, 2006, and this Court affirmed those denials. See Jimenez v. State, 20 So. 3d 858 (Fla. 3d DCA 2009) (table); Jimenez v. State, 990 So. 2d 1075 (Fla. 3d DCA 2008) (table); Jimenez v. State, 959 So. 2d 737 (Fla. 3d DCA 2007) (table).

The trial court granted Jimenez's Rule 3.800(a) motion filed January 14, 2008, on the State's concession of error, and *nunc pro tunc* resentenced Jimenez accordingly. Thereafter, also based on the State's proper concession of error, this Court reversed the trial court's ruling that Jimenez's Rule 3.800(a) motion filed February 11, 2011, was successive, duplicative, and untimely, and remanded to the trial court. See Jimenez v. State, 88 So. 3d 194 (Fla. 3d DCA 2011). On February 24, 2012, the trial court ruled on the motion, denying it in part and granting in part on the grounds of double jeopardy. On appeal, the State contended that the trial

3

court erred in granting in part Jimenez's 3.800(a) motion based upon a claim of double jeopardy. This Court, in Jimenez v. State, 173 So. 3d 1020 (Fla. 3d DCA 2015), affirmed in part and reversed in part one paragraph of the trial court's order and remanded for the entry of a corrected sentence.[1]

In addition, Jimenez filed two pro se petitions seeking writs of habeas corpus, which this Court denied. See Jimenez v. State, 26 So. 3d 592 (Fla. 3d DCA 2010); Jimenez v. State, 6 So. 3d 617 (Fla. 3d DCA 2009). Jimenez has also filed two petitions for writs of mandamus in the Florida Supreme Court, both of which were dismissed. See Jimenez v. State, 177 So. 3d 1267 (Fla. 2015) (table); Jimenez v. State, 23 So. 3d 110 (Fla. 2009) (table). Recently, this Court affirmed Jimenez's appeal from the summary denial of his petition for writ of habeas corpus filed in the trial court on November 19, 2013. See Jimenez v. State, 173 So. 3d 900 (Fla. 3d DCA 2015).

II.     ANALYSIS

Jimenez has engaged in the filing of meritless, frivolous, and successive claims, continuing to seek relief from this Court notwithstanding prior adverse determinations on the merits. Jimenez's actions have caused this Court to expend judicial resources which could otherwise be devoted to cases raising legitimate claims. See Philpot v. State, 183 So. 3d 410, 411 (Fla. 3d DCA 2014) (citing

---

[1] On February 19, 2016, the Florida Supreme Court denied Jimenez's petition for review of this Court's opinion. Jimenez v. State, No. SC15-1815 (Fla. Feb. 19, 2016).

Hedrick v. State, 6 So. 3d 688, 691 (Fla. 4th DCA 2009) ("A legitimate claim that may merit relief is more likely to be overlooked if buried within a forest of frivolous claims.")).

While we recognize that incarcerated persons must be provided with the full panoply of procedural vehicles with which to challenge the lawfulness of their incarceration, see Art. I, § 21, Fla. Const. ("The courts shall be open to every person for redress of any injury . . . ."); Spencer, 751 So. 2d at 49; Concepcion v. State, 944 So. 2d 1069, 1072 (Fla. 3d DCA 2006), the constitutional right of access to the courts is not unfettered. The right to proceed pro se will be forfeited where a party abuses the judicial process by the continued filing of "successive motions which have been heard, considered, rejected, and then raised again." Concepcion, 944 So. 2d at 1072. "As our sister court aptly described it, there comes a point when 'enough is enough.'" Philpot, 183 So. 3d at 411 (quoting Isley v. State, 652 So. 2d 409, 410 (Fla. 5th DCA 1995)).

This Court has the inherent authority and duty to strike a balance between a pro se litigant's right to participate in the judicial process and a pro se litigant's abuse of the judicial process. This is particularly true in this case where, over the course of almost ten years, Jimenez has filed at least five pro se motions for post-conviction relief and multiple petitions for writs of habeas corpus,[2] as well as two

_____

[2] Jimenez filed two additional appeals in this Court. In one, this Court dismissed the appeal for failure to comply with an order from this Court. Jimenez v. State, 21 So. 3d 824 (Fla. 3d DCA 2009) (table). In the other, this Court reversed the trial court's order prohibiting Jimenez from filing further pro se motions from his

5

petitions for writs of mandamus in the Florida Supreme Court. The record thus plainly reflects that Jimenez has filed an overwhelming number of appeals that now require the issuance of this Order.

III.    CONCLUSION

Accordingly, Jimenez is now prohibited from filing any further pro se appeals, pleadings, motions, or petitions relating to his convictions, judgments, and sentences in circuit court case number F00-38717. See Cruz v. State, 981 So. 2d 1272, 1274 (Fla. 3d DCA 2008). We direct the Clerk of the Third District Court of Appeal to refuse to accept any such papers relating to this circuit court case number unless they have been reviewed and signed by an attorney who is a duly licensed member of The Florida Bar in good standing. See Whipple v. State, 112 So. 3d 540 (Fla. 3d DCA 2013); Johnson v. State, 915 So. 2d 682 (Fla. 3d DCA 2005).

Additionally, any such further and unauthorized pro se filings by Jimenez may subject him to appropriate sanctions, including the issuance of written findings forwarded to the Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2015); Whipple, 112 So. 3d at 541 (citing Minor v. State, 963 So. 2d 797 (Fla. 3d DCA 2007)).

---

conviction and sentence. Jimenez v. State, 27 So. 3d 758 (Fla. 3d DCA 2010).

6