# Third District Court of Appeal

## State of Florida

Opinion filed October 5, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2543
Lower Tribunal No. 99-40037
_____

**Lawrence Corner,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Lawrence Corner, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SHEPHERD, EMAS and SCALES, JJ.

PER CURIAM.

On July 27, 2016, this Court issued an Opinion affirming the trial court's denial of Lawrence Corner's request for permission to file a writ of habeas corpus.

Our Opinion determined that (i) Corner has filed fourteen petitions or appeals in this Court; (ii) the current appeal is the third time in as many years that Corner has tried to evade the requirements of a 3.850 motion by attempting to file a habeas corpus petition; and (iii) the issue upon which Corner desires to base a habeas corpus petition – an allegedly improper <u>Miranda</u> warning at the time of his arrest – has been addressed twice by the courts to Corner's detriment.

Our Opinion contained an order to show cause why Corner should not be prohibited from filing with this Court any further pro se appeals, petitions, motions or other pleadings related to his criminal conviction in circuit court case F99-40037. Corner filed a response to the show cause order on September 12, 2016. In his response, Corner writes that "[t]his court entered an order misconstruing Appellant's request to submit a habeas corpus petition." Corner, however, does not follow this statement with an explanation or argument in support of it.

The access to courts provision of the Florida Constitution – Article I, section 21 – provides an avenue for an incarcerated person in Florida to challenge the legal basis of his or her incarceration; however, this constitutional right may be forfeited if that person abuses the judicial process. <u>Jimenez v. State</u>, 196 So. 3d 499, 501 (Fla. 3d DCA 2016). Our responsibility is to balance the incarcerated person's right to access to courts with the need of this Court to devote its finite resources to legitimate appeals and petitions. <u>State v. Spencer</u>, 751 So. 2d 47, 48 (Fla. 1999).

Accordingly, after notice in the form of an order to show cause and an opportunity for the incarcerated person to respond, a court may prevent further filings. Id.; see also Whipple v. State, 112 So. 3d 540 (Fla. 3d DCA 2013).

We conclude that Corner has not demonstrated good cause to justify further pro se filings of appeals, petitions, motions or other pleadings with this Court. We direct the Clerk of the Third District Court of Appeal to refuse to accept from Corner further pro se filings related to circuit court case F99-40037; provided however, that the Clerk may accept filings related to case number F99-40037 if such filings have been reviewed and signed by an attorney who is a licensed member of the Florida Bar in good standing.

Any such further and unauthorized pro se filings by Corner will subject him to sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for consideration by it for disciplinary action, pursuant to section 944.279(1) of the Florida Statutes.

Order issued.