# Third District Court of Appeal

**State of Florida**

Opinion filed November 23, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1165
Lower Tribunal No. 89-28127
_____

**Andre Pinder,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Andre Pinder, in proper person.

Pamela Jo Bondi, Attorney General, for respondent.

Before WELLS, SALTER and SCALES, JJ.

PER CURIAM.

Andre Pinder petitions this Court to issue a writ of habeas corpus pursuant to rule 9.100 of the Florida Rules of Appellate Procedure. We deny Pinder's petition and issue an order to show cause as described below.

In 1991, a jury convicted Pinder of armed burglary, two counts of aggravated battery, two counts of aggravated assault, and one count of simple assault. The trial court entered an "Order Justifying Departure Sentence" that exceeded the sentencing guidelines range for his crimes. Pinder appealed this upward departure and this Court affirmed his sentence. Pinder v. State, 591 So. 2d 1149 (Fla. 3d DCA 1992) (Mem). Pinder petitioned the Florida Supreme Court for review. His petition was denied in Pinder v. State, 599 So. 2d 1279 (Fla. 1992) (Table).

Pinder's petition for habeas corpus attempts to circumvent prior rulings on his other petitions seeking reversal of the trial court's order for upward departure. This issue has been reviewed and disposed of by this Court. Therefore, this Court finds Pinder's petition for habeas corpus successive and denies the petition. Further, this Court issues an order to show cause as described below.

ORDER TO SHOW CAUSE

Since 1991, Pinder has filed numerous petitions and appeals to this Court regarding the legality of his sentence with respect to the upward departure in the trial court's order.[1] Pinder is hereby directed to show cause, within forty-five days

2

of this opinion, as to why he should not be prohibited from filing any further pro se appeals, petitions, motions or other pleadings related to his criminal conviction in circuit court case number 89-28127.

If Pinder does not demonstrate good cause, we will direct the Clerk of this Court not to accept any such filings unless they have been reviewed by, and bear the signature of, a licensed attorney in good standing with the Florida Bar.

Additionally, and absent a showing of good cause, any further and unauthorized filings by Pinder will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2014).

Denied. Order to show cause issued.

---

[1] The following describe the many occasions this Court has reviewed Pinder's related and unsuccessful motions and petitions relating to lower tribunal case number 89-28127. Pinder v. State, 139 So. 3d 311 (Fla. 3d DCA 2014) (Table); Pinder v. State, 86 So. 3d 1132 (Fla. 3d DCA 2012) (Table); Pinder v. State, 972 So. 2d 193 (Fla. 3d DCA 2007) (Table); Pinder v. State, 931 So. 2d 917 (Fla. 3d DCA 2006) (Table); Pinder v. State, 842 So. 2d 122 (Fla. 3d DCA 2003) (Table); Pinder v. State, 769 So. 2d 383 (Fla. 3d DCA 2000) (Table); Pinder v. State, 639 So. 2d 987 (Fla. 3d DCA 1994) (Table); Pinder v. State, 591 So. 2d 1149 (Fla. 3d DCA 1992) (Mem).