# Third District Court of Appeal

## State of Florida

Opinion filed March 15, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1165
Lower Tribunal No. 89-28127
_____


**Andre Pinder,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A Case of Original Jurisdiction – Habeas Corpus.

Andre Pinder, in proper person.

Pamela Jo Bondi, Attorney General, for respondent.


Before WELLS, SALTER and SCALES, JJ.

PER CURIAM.

On November 23, 2016, this Court issued an Opinion denying Andre

Pinder's petition for a writ of habeas corpus. Pinder is serving a prison sentence of

life plus forty years after his conviction, in 1991, of armed burglary, two counts of aggravated battery, two counts of aggravated assault, and one count of simple assault.

The incident that led to Pinder's arrest and conviction occurred on May 17, 1989. After members of a church located in Miami, Florida called police to report theft and vandalism to parked cars outside the church, and after the police investigating those crimes had departed, Pinder and two other men returned to the church grounds and confronted the church members. They were angry that the church members had called the police. Pinder shot and wounded two of the church members and, with gun in hand, assaulted two others.

After Pinder's conviction by a jury, the trial court entered an "Order Justifying Departure Sentence." In support of its upward departure, the trial court stated that Pinder's crime "strikes at the heart of the justice system, in that innocent persons were threatened and shot by the defendant for the sole reason that the victims called the police to investigate an automobile burglary and theft of property."

Our November 2016 Opinion denying Pinder's habeas corpus petition determined that (i) Pinder's petition for writ of habeas corpus was successive and sought to use the vehicle of habeas corpus to circumvent numerous, prior post-conviction rulings of this Court and the trial court; and (ii) Pinder had filed eight

2

cases with this Court on the issue of the legality of his sentence, including his original appeal that resulted in this Court's affirmance of Pinder's conviction and sentence . Pinder v. State, 591 So. 2d 1149 (Fla. 3d DCA 1992) (Mem) ("Pinder I").

Our Opinion contained an order to show cause why Pinder should not be prohibited from filing with this Court any further pro se appeals, petitions, motions, or other pleadings related to his criminal conviction in circuit court case number 89-28127. Pinder filed a response to the show cause order on January 30, 2017. In his response, Pinder argues that he has good cause for filing successive claims and he reiterates his attack on the legality of the upward departure aspect of his sentence.

In essence, Pinder's argument is, and has been from the inception, that the trial court's upward departure of his sentence was based upon a ground – threatening a witness – for which he was never charged or convicted. Pinder was not charged with a violation of section 914.22 of the Florida Statutes, which prohibits the use of "intimidation or physical force" or threat against a witness, victim or informant. § 914.22, Fla. Stat. (1989). Pinder has seized on language contained in Pinder I to erect his post-conviction strategy. Pinder, however, has misread that language in the light cast by the facts of the case.

In Pinder I, this Court concluded that any threatening by Pinder of his victims was not an essential element of his crimes of aggravated battery, aggravated assault and assault. Pinder, 591 So. 2d at 1149. Thus, Pinder's behavior, which culminated in his shooting of two victims, is an appropriate basis for upward departure. Id. at 1149-50. This Court also concluded that, because Pinder was not charged with violating section 914.22 of the Florida Statutes, his threatening behavior could be grounds for departure. Id. at 1150. To support its conclusions, this Court cited the case of Walker v. State, 496 So. 2d 220 (Fla. 3d DCA 1986). As Pinder has pointed out, the Florida Supreme Court disapproved the Walker decision in State v. Varner, 616 So. 2d 988, 989 (Fla. 1993). In summary, Pinder's argument is that: (i) Walker is the basis of this Court's decision in Pinder I; (ii) Walker was disapproved in State v. Varner; and therefore, (iii) our decision in Pinder I is erroneous.[1]

Pinder's post-conviction strategy is premised on two flaws: (i) assigning retroactive effect to State v. Varner, contrary to the judicial rule that a change in the law from a later appellate court is not a ground to vacate a final order, Petrysian v. Metro. Gen. Ins. Co., 672 So. 2d 562, 563 (Fla. 5th DCA 1996); and (ii) mischaracterizing Pinder I's holding by incorrectly maintaining that Pinder I

---

[1] We note that the Florida Supreme Court denied Pinder's petition for review of Pinder I. Pinder v. State, 599 So. 2d 1279 (Fla. 1992) (Table). Therefore, our Pinder I holding is the law of the case. Thornton v. State, 963 So. 2d 804, 809 (Fla. 3d DCA 2007). On this basis alone, we could have denied Pinder's petition.

4

affirmed the trial court's upward departure based on a "threat" that was never charged. See Fla. R. Crim. P. 3.701(d)(11).

But for Pinder's misreading of Pinder I, there is a logic to his argument. The case reveals, however, that Pinder did not merely threaten his victims, as contemplated in section 914.22; rather, Pinder took violent action against his victims. He battered and assaulted them with a firearm. The trial court imposed the upward departure not for Pinder's threats, but for the motivation underlying his actions: to punish the four church members who contacted and met with the police. In perhaps infelicitous language, this Court in Pinder I employed the words "threat" and "threatening" to characterize Pinder's actions.[2] Pinder, 591 So. 2d at 1149, 1150. Our perspective from twenty-five years later – which, frankly, includes Pinder's post-conviction arguments – has an unobstructed view of Pinder's crimes and the trial court's response to them. The upward departure was not based upon mere threats. Therefore, Pinder's assertion that he was not charged and convicted for threats under section 914.22 of the Florida Statutes is irrelevant.

The access to courts provision of the Florida Constitution – Article I, section 21 – provides an avenue for an incarcerated person in Florida to challenge the legal basis of his or her incarceration; however, this constitutional right may be forfeited

---

[2] The Court in Pinder I appears to have employed these words in direct response to Pinder's use of them in the arguments contained in his initial brief.

if that person abuses the judicial process. <u>Jimenez v. State</u>, 196 So. 3d 499, 501 (Fla. 3d DCA 2016). Our responsibility is to balance the incarcerated person's right to access to courts with the need of this Court to devote its finite resources to legitimate appeals and petitions. <u>State v. Spencer</u>, 751 So. 2d 47, 48 (Fla. 1999). Accordingly, after notice in the form of an order to show cause and an opportunity for the incarcerated person to respond, a court may prevent further filings. <u>Id.</u>; <u>see also</u> <u>Whipple v. State</u>, 112 So. 3d 540 (Fla. 3d DCA 2013).

We conclude that Pinder has not demonstrated good cause to justify further pro se filings of appeals, petitions, motions, or other pleadings with this Court. We direct the Clerk of the Third District Court of Appeal to refuse to accept from Pinder further pro se filings related to circuit court case number 89-28127; provided, however, that the Clerk may accept filings related to case number 89-28127 if such filings have been reviewed and signed by an attorney who is a licensed member of the Florida Bar in good standing.

Any such further and unauthorized pro se filings by Pinder will subject him to sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for consideration by it for disciplinary action, pursuant to section 944.279(1) of the Florida Statutes.

Order issued.

6