# Third District Court of Appeal

**State of Florida**

Opinion filed May 30, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-240
Lower Tribunal No. 01-18524A
_____

**Rodney H. Holmes,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Nushin G. Sayfie, Judge.

Rodney H. Holmes, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before LOGUE, SCALES and LINDSEY, JJ.

PER CURIAM.

On January 24, 2018, this Court issued an opinion affirming the trial court's denial of Appellant Rodney H. Holmes's petition for writ of habeas corpus.[1] Our January 24, 2018 opinion contained an order to show cause why Holmes should not be prohibited from filing with this Court any further pro se appeals, petitions, motions or other pleadings related to his life sentence for attempted first degree murder, attempted robbery, and attempted burglary with an assault (the charges enhanced due to the use of a firearm) in lower tribunal case number 01-18524A. The record indicated that Holmes had filed ten post-conviction motions, petitions or appeals in this Court.

Our order to show cause provided Holmes with a response period of forty-five days. Holmes has not filed a response. Accordingly, we conclude that Holmes has not demonstrated good cause to justify further pro se filings of appeals, petitions, motions or other pleadings with this Court in lower tribunal case number 01-18524A.

After notice in the form of an order to show cause and an opportunity for the incarcerated person to respond, a court may prevent further filings. State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999). We recognize that the access to courts provision of the Florida Constitution – Article I, section 21 – provides an avenue

---

[1] Holmes v. State, No. 3D17-240 (Fla. 3d DCA Jan. 24, 2018). On February 8, 2018, Holmes filed a motion for rehearing and rehearing *en banc*, which this Court denied on March 7, 2018.

for an incarcerated person to challenge the legal basis for his or her incarceration; however, this constitutional right may be forfeited if he or she abuses the judicial process. Jimenez v. State, 196 So. 3d 499, 501 (Fla. 3d DCA 2016).

We direct the Clerk of the Third District Court of Appeal to refuse to accept from Holmes any further pro se filings related to circuit court case 01-18524A; provided, however, that the Clerk may accept filings if they have been reviewed and signed by an attorney who is a licensed member of the Florida Bar in good standing.

Any further and unauthorized pro se filings by Holmes will subject him to sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for consideration by it for disciplinary action, pursuant to section 944.279(1) of the Florida Statutes.

Order issued.