PER CURIAM.
ON ORDER TO SHOW CAUSE
On August 1, 2018, this court issued an opinion denying Willie Rogers' petition for a writ of habeas corpus. Our opinion included an order directing Rogers to show cause why he should not be prohibited from filing further pro se appeals, motions or other pleadings related to Eleventh Judicial Circuit court case number F93-28436C. On August 22, 2018, Rogers filed his response to the order to show cause, incorporated in his motion for rehearing and clarification. The motion for rehearing and clarification is denied. In sum, Rogers claims that he cannot be denied the right to file a petition for writ of habeas corpus at any time if he has no other way to challenge his conviction and sentence and goes on to challenge his conviction and sentence, yet again, based on issues that should have been raised in a motion for post-conviction relief in a timely Florida Rules of Criminal Procedure rule 3.850 motion. We conclude that he has failed to show sufficient good cause to convince us to allow him to continue to file pro se appeals, petitions, motions or other pleadings in case number F93-28436C.
Having provided Rogers with an opportunity to respond to our order to show cause, we now prohibit him from filing any further pro se appeals, petition, motions, or other pleadings challenging his conviction and sentence in Eleventh Judicial Circuit court case number F93-28436C. See State v. Spencer, 751 So.2d 47 (Fla. 1999) and Concepcion v. State, 944 So.2d 1069 (Fla. 3d DCA 2006). We direct the Clerk of *1080 the Third District Court of Appeal to refuse to accept any such papers relating to the specified circuit court case number unless they have been reviewed and signed by an attorney who is a duly licensed member of The Florida Bar in good standing. See Whipple v. State, 112 So.3d 540 (Fla. 3d DCA 2013).
Additionally, any such further and unauthorized pro se filings by Rogers may subject him to appropriate sanctions, including the issuance of written findings forwarded to the Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2017).