# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1988
Lower Tribunal No. 96-40835A
_____


**Demetrius Tony Johnson,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A Case of Original Jurisdiction – Habeas Corpus.

Demetrius Tony Johnson, in proper person.

Ashley Moody, Attorney General, and Keri T. Joseph, Assistant Attorney General, for respondent.


Before LOGUE, SCALES and LINDSEY, JJ.

PER CURIAM.

On January 23, 2019, this Court issued an opinion denying a petition for writ of habeas corpus filed by Demetrius Tony Johnson. Our opinion contained an order to show cause why Johnson should not be prohibited from filing with this Court any further pro se appeals, petitions, motions or other proceedings related to his three-count criminal conviction in Circuit Court case number 96-40835. Johnson's latest petition was his nineteenth filing in this Court since 2002, after this Court had affirmed his conviction in Johnson v. State, 725 So. 2d 1273 (Fla. 3d DCA 1999).

Johnson responded to the order to show cause on March 7, 2019. In his response, he raises two issues: (i) whether an appellate court must address the merits of a claim before dismissing that claim as successive; and (ii) whether the imposition of a sanction that prohibits further pro se filings violates due process.

As to Johnson's first argument, this Court addressed the merits of his claim in the identical case of Johnson v. State, 245 So. 3d 718 (Fla. 3d DCA 2017). The denial of Johnson's petition for writ of habeas corpus in the previous case was based on the merits. See Crittenden v. State, 67 So. 3d 1184, 1185 n.1 (Fla. 5th DCA 2011) ("[A] per curiam affirmance without opinion is not an indication that the case was not considered on the merits.").

Johnson's second argument raises a due process concern. Ironically, he questions due process while exercising his right to due process. This Court

provides the incarcerated person notice in the form of an order to show cause and an opportunity to be heard in his or her response brief, thus satisfying the two elements of due process. State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999); Whipple v. State, 112 So. 3d 540, 540 (Fla. 3d DCA 2013).

The access to courts provision of the Florida Constitution – Article I, section 21 – provides an avenue for an incarcerated person in Florida to challenge the legal basis of his or her incarceration; however, the right to proceed pro se is not unfettered and may be forfeited if that person abuses the judicial process. Jimenez v. State, 196 So. 3d 499, 501 (Fla. 3d DCA 2016). We are obligated to balance Johnson's pro se right of access to courts with this Court's need to devote its finite resources to legitimate petitions and appeals. We recognize the seriousness of a sanction when the petitioner, as here, has been convicted of a crime and sentenced to a significant prison term. Spencer, 751 So. 2d at 48. Nonetheless, "[t]his Court has the inherent authority and duty to strike a balance between a pro se litigant's right to participate in the judicial process and a pro se litigant's abuse of the judicial process." Jimenez, 196 So. 3d at 501.

Because we conclude that Johnson has not demonstrated good cause to justify further pro se filings of appeals, petitions, motions, or other proceedings with this Court, we direct the Clerk of the Third District Court of Appeal to refuse to accept from Johnson further pro se filings related to Circuit Court case number

3

96-40835; provided, however, that the Clerk may accept filings related to case number 96-40835 if such filings have been reviewed and signed by an attorney who is a licensed member of the Florida Bar in good standing.

Any such further and unauthorized pro se filings by Johnson will subject him to sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for consideration by it for disciplinary action, pursuant to section 944.279(1) of the Florida Statutes.

Order issued.