# Third District Court of Appeal

## State of Florida

Opinion filed October 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1603
Lower Tribunal No. 18-21414
_____

**Samuel D. Rosen,**
Appellant,

vs.

**Tiffany of Bal Harbour Condominium Association, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jeffrey R. Levenson, Judge.

Samuel D. Rosen, in proper person.

Litchfield Cavo LLP, Geralyn M. Passaro and Lynne Wilkerson (Fort Lauderdale), for appellee.

Before FERNANDEZ, C.J., and SCALES and GORDO, JJ.

GORDO, J.

ON ORDER TO SHOW CAUSE

Samuel D. Rosen appeals an order of final judgment in favor of Tiffany of Bal Harbour Condominium Association, Inc. ("Tiffany"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm the trial court's order without further discussion. On September 19, 2022, we ordered Rosen to show cause why he should not be barred from further pro se filings pursuant to State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999). Rosen did not file a response. Considering Rosen's lack of response and for the reasons set forth below, we conclude good cause has not been shown and order the Clerk of this Court to reject any future pro se pleadings, petitions, motions, documents or other filings submitted by Samuel D. Rosen unless such filings are signed by a member of the Florida Bar in good standing.

## I.

Rosen, a condominium owner at Tiffany, has previously filed a series of lawsuits alleging Tiffany was violating its association rules, depriving its condominium owners of their rights to elect members of the board, making defamatory comments about Rosen and more. In June 2018, Tiffany filed a complaint against Rosen seeking an injunction to prevent him from harassing, intimidating and attempting to control Tiffany's board of directors and staff. Rosen filed an answer, affirmative defenses and counterclaims. After Tiffany amended its complaint in February 2020, Rosen again filed an

answer and affirmative defenses, this time raising thirty separate counterclaims. In the years between Tiffany's original complaint and amended complaint, Rosen filed over eighty motions, responses and letters with the trial court—many of which were irrelevant to the case, reasserted claims that were previously rejected, personally attacked opposing counsel and accused the presiding judge of misconduct.

Throughout the proceedings in the trial court, Rosen consistently engaged in overly contentious and litigious behavior. As an example, Rosen filed five motions to disqualify Tiffany's counsel, four motions to impose sanctions against Tiffany's counsel and nine motions to disqualify the different trial court judges assigned to the case. Because of the number of contentious filings by Rosen, the trial court was delayed in resolving the dispositive issues of the case and was often forced to reserve an entire day to hear and rule on pending motions. Rosen has also filed at least four petitions for a writ of prohibition before this Court. During this time, Tiffany filed a motion to show cause why Rosen should not be declared a vexatious litigant and/or required to have all future filings by him be made by a member of the Florida Bar in good standing.

The trial court held a hearing over this matter. At the hearing, both parties presented evidence and argument regarding Rosen's conduct. The

3

trial court granted the motion to show cause finding Rosen frequently shouted at and disparaged opposing counsel, disrupted court proceedings and filed duplicitous motions. The trial court then entered an order finding Rosen a vexatious litigant and directed the clerk of court to reject any further filings by Rosen unless executed by a member of the Florida Bar.

In June 2021, the trial court entered an order finding Rosen in contempt of court for failing to comply with multiple court orders. As sanctions, the trial court entered default judgment against Rosen and struck his counterclaim. A month later, the trial court entered final judgment in favor of Tiffany. This appeal followed. Tiffany subsequently filed a motion to declare Rosen a vexatious appellate litigant with this Court. Rosen did not file a response.

## II.

We find Rosen has engaged in filing frivolous, meritless and successive motions, and continues to seek relief from this Court on the same issues and arguments notwithstanding prior adverse determinations on the merits. Rosen's improper actions have caused this Court to expend finite judicial resources "which could otherwise be devoted to cases raising legitimate claims." Jimenez v. State, 196 So. 3d 499, 501 (Fla. 3d DCA 2016) ("A legitimate claim that may merit relief is more likely to be overlooked

4

if buried within a forest of frivolous claims." (citing <u>Philpot v. State</u>, 183 So. 3d 410, 411 (Fla. 3d DCA 2014))).

Rosen has also repeatedly personally attacked opposing counsel, the presiding trial court judge and the members of this Court in his filings.[1] Rosen repeatedly calls opposing counsel a liar, refers to the trial court judge as vicious and vindictive and twice accuses the judge of causing his heart attack. While Rosen is not a member of the Florida Bar, he was an attorney in New York and therefore should be aware that such unprofessional conduct and offensive commentary towards members of the judiciary and opposing counsel is unacceptable and warrants sanctions. The record clearly establishes that Rosen has continuously filed repetitious and frivolous pleadings, thereby diminishing this Court's ability to devote its finite resources to the consideration of legitimate claims. <u>See</u> <u>Spencer</u>, 751 So. 2d at 48.

We recognize the Florida Constitution provides all persons the constitutional right of access to courts. <u>See</u> Art. I § 21, Fla. Const. ("The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."). That right, however, is

---

[1] Rosen has stated the members of this Court are "idiots," "morons," "dishonest" and "unprincipled." He even claims, "when I die and go to hell, I want to see the entire 3rd DCA panel there to greet me!"

not unfettered. "A litigant's right to access may be properly restricted if the litigant is abusing the legal process." <u>Brown v. Miami-Dade Cnty.</u>, 319 So. 3d 81, 83 (Fla. 3d DCA 2021). A pro se litigant "abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims." <u>Spencer</u>, 751 So. 2d at 48.

"This Court has the inherent authority and duty to strike a balance between a pro se litigant's right to participate in the judicial process and a pro se litigant's abuse of the judicial process." <u>Jimenez</u>, 196 So. 3d at 501. We find this duty clear in this case as in this appeal alone, Rosen has filed duplicative emergency motions for partial summary disposition, motions to stay, motions to disqualify the entire Court from ruling on the instant appeal and multiple motions for rehearing on these motions reasserting previously denied arguments. Rosen has previously been cautioned by this Court in multiple orders that continued repetitive and frivolous filings could result in an order prohibiting him from further pro se filings.

### III.

Accordingly, we hereby prohibit Rosen from appearing before this Court as an appellant or petitioner unless represented by a member of the Florida Bar in good standing. The Clerk of this Court is directed to reject any

6

future pro se pleadings, petitions, motions, documents or other filings submitted by Samuel D. Rosen unless such filings are signed by a member of the Florida Bar in good standing.

Affirmed and so ordered.