# Third District Court of Appeal

## State of Florida

Opinion filed March 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1419
Lower Tribunal No. F93-14423
_____

**Ananias Westbrook,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Ananias Westbrook, in proper person.

Ashley Moody, Attorney General, for appellee.

Before FERNANDEZ, C.J., and LINDSEY, and LOBREE, JJ.

PER CURIAM.

<u>ON ORDER TO SHOW CAUSE</u>

On January 11, 2023, the Court affirmed the denial of Ananias Westbrook's appeal from a trial court order imposing sanctions and barring appellant from filing any further pro se motions. On the same date, the Court ordered Westbrook to show cause why he should not be prohibited from filing further pro se appeals, petitions, motions, or other pleadings in this Court relating to lower tribunal case F93-14423.

Upon consideration of Westbrook's response to the order to show cause and the successive, duplicative, pro se petitions and appeals brought by Westbrook, we conclude that good cause has not been shown. Westbrook has engaged in the filing of meritless, frivolous, and successive claims, continuing to seek relief from this Court notwithstanding prior adverse determinations on the merits and warnings from this court. See Westbrook v. State, 48 Fla. L. Weekly D130a (Fla. 3d DCA Jan. 11, 2023); and Westbrook v. State, 149 So. 3d 723 (Fla. 3d DCA 2014).

In accordance with Jimenez v. State, 196 So. 3d 499 (Fla. 3d DCA 2016), State v. Spencer, 751 So. 2d 47 (Fla. 1999), and Concepcion v. State, 944 So. 2d 1069 (Fla. 3d DCA 2006), Westbrook is prohibited from filing any further pro se appeals, pleadings, motions, or petitions relating to his conviction, judgment, and sentence in lower tribunal case F93-14423. We direct the Clerk of the Third District Court of Appeal to refuse to accept any

2

such papers relating to the circuit court case number unless they have been reviewed and signed by an attorney who is a duly licensed member of The Florida Bar in good standing. See Whipple v. State, 112 So. 3d 540 (Fla. 3d DCA 2013).

Additionally, any such further and unauthorized pro se filings by Westbrook may subject him to appropriate sanctions, including the issuance of written findings forwarded to the Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279, Fla. Stat. (2014).