# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1774
Lower Tribunal No. F11-9093
_____


**Dennis J. McArthur,**
Petitioner,

vs.

**Ricky D. Dixon, etc., et al.,**
Respondents.


A Case of Original Jurisdiction – Habeas Corpus.

Dennis J. McArthur, in proper person.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for respondent The State of Florida.


Before FERNANDEZ, SCALES, and BOKOR, JJ.

<u>On Order to Show Cause</u>

PER CURIAM.

Dennis J. McArthur ("Petitioner"), *pro se*, petitioned this Court for a writ of habeas corpus. On February 12, 2024, this Court denied his petition and issued an order to show cause why Petitioner should not be prohibited from submitting any further *pro se* filings with this Court relating to lower tribunal case number F11-9093.

Petitioner filed a response to the show cause order on March 18, 2024. In his brief response, Petitioner again maintained his innocence. In December 2013, Petitioner pleaded guilty to two counts of attempted sexual battery on a minor, two counts of engaging in sexual acts with a familial child, and one count of attempted lewd and lascivious molestation of a child under the age of sixteen. The trial court sentenced Petitioner to twenty years in prison, followed by ten years of sex offender probation. Petitioner has filed numerous post-conviction motions and petitions, initially to raise ineffective assistance of counsel, and subsequently and repeatedly to challenge the DNA testing in his criminal case.[1]

---

[1] The current petition is the eighth time, since 2016, that Petitioner is before this Court (Case Nos. 3D16-0240, 3D18-0651, 3D19-1465, 3D19-1648, 3D21-1907, 3D22-1458 and 3D22-1831). In his previous appeal from a denial of a Florida Rule of Criminal Procedure 3.850 motion – Case No. 3D22-1831 – his appeal was dismissed for, among other reasons, being successive.

The access to courts provision of the Florida Constitution – Article I, Section 21 – provides an avenue for an incarcerated person in Florida to challenge the legal basis for his or her incarceration; however, this constitutional right may be forfeited if that person abuses the judicial process. Jimenez v. State, 196 So. 3d 499, 501 (Fla. 3d DCA 2016). Our responsibility is to balance the incarcerated person's right to access to courts with the need of this Court to devote its finite resources to legitimate appeals and petitions. State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999). Accordingly, after notice in the form of an order to show cause and an opportunity for the incarcerated person to respond, a court may prevent further filings. Id.; see Whipple v. State, 112 So. 3d 540, 540 (Fla. 3d DCA 2013).

We conclude that Petitioner has not demonstrated good cause to justify further *pro se* filings of appeals, petitions, motions or other pleadings with this Court related to lower tribunal case number F11-9093. We direct the Clerk of the Third District Court of Appeal not to accept any further filings from Petitioner related this circuit court case number, unless such a filing has been reviewed and signed by an attorney who is a licensed member of the Florida Bar in good standing.

Any such further and unauthorized *pro se* filings by Petitioner will subject him to sanctions, including the issuance of written findings forwarded

3

to the Florida Department of Corrections for consideration of disciplinary action, including forefeiture of gain time. See § 944.279, Fla. Stat. (2023).

Order issued.