# Third District Court of Appeal

## State of Florida

Opinion filed February 5, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2570
Lower Tribunal Nos. ALEJZFE & ALEJZEE

_____

**Samuel Lee Smith, Jr.,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Betsy Alvarez-Zane, Judge.

Samuel Lee Smith, Jr., in proper person.

James Uthmeier, Attorney General, for appellee.

Before SCALES, C.J., and LINDSEY and BOKOR, JJ.

*On Order to Show Cause*

PER CURIAM.

On January 15, 2026, this Court issued an Order to Show Cause directing *pro se* appellant Samuel Lee Smith, Jr. to show cause as to why he should not be prohibited from filing any further *pro se* petitions, appeals, motions or other proceedings in this Court for any lower court case. Smith has filed thirty-six *pro se* matters in this Court in the past five years, and since the order to show cause, he has filed three more.[1] Smith failed to respond to this Court's January 15, 2026 order, thereby providing no legal argument for the benefit of this Court. Accordingly, we find that Smith has failed to show good cause why he should not be barred from further *pro se* filings.

Under Florida law, "a citizen . . . abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims." State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999) (determining that a

---

[1] The appellate case numbers of the thirty-six matters are: 3D23-1301, 3D24-0051, 3D24-0052, 3D24-0054, 3D24-0062, 3D24-0125, 3D24-0126, 3D24-0139, 3D24-0140, 3D24-0535, 3D24-0687, 3D24-1030, 3D25-1317, 3D25-1320, 3D25-1353, 3D25-1354, 3D25-1355, 3D25-1386, 3D25-1410, 3D25-1411, 3D25-1423, 3D25-1704, 3D25-1705, 3D25-1707, 3D25-1708, 3D25-1806, 3D25-1912, 3D25-2049, 3D25-2129, 3D25-2144, 3D25-2195, 3D25-2250, 3D25-2252, 3D25-2363, 3D25-2448, 3D25-2570. The three new matters are: 3D26-0093, 3D26-0099, and 3D26-0115.

court may prohibit future *pro se* pleadings as a sanction for repeated and frivolous filings if the court first provides a *pro se* litigant notice and an opportunity to respond).

This Court's judicial resources are limited. Consequently, and consistent with notions of due process, this Court has the inherent authority to determine whether a *pro se* litigant is abusing the judicial process. See Jimenez v. State, 196 So. 3d 499, 501 (Fla. 3d DCA 2016); see also Brown v. Miami-Dade Cnty., 319 So. 3d 81, 84 (Fla. 3d DCA 2021) (affirming the county court's determination of an appellant's vexatious litigant status where the county's motion properly set forth "'five or more civil actions' which had been 'commenced, prosecuted or maintained pro se' by [the appellant] 'over the immediately preceding 5-year period[.]'" (quoting § 68.093(2)(d)1., Fla. Stat. (2019))); Hasanati v. State, 117 So. 3d 1157, 1158 n.1 (Fla. 3d DCA 2013) (finding that the appellant "abused the judicial process through his repeated and meritless pro se appeals and petitions" when he filed "[i]n less than three years . . . a total of seventeen separate pro se appeals or petitions," warranting a ban on further *pro se* filings).

In addition to the extraordinary quantity of his filings, Smith has repeatedly filed unmeritorious pleadings, requests for relief, and other documents that demonstrate an abuse of Florida's appellate court system.

3

Smith has filed insufficient or non-compliant notices of appeal; routinely has failed to respond to this Court's orders; has filed unauthorized and meritless petitions for writ relief within his recent appeals; and has demonstrated a lack of respect for the court system in his choice of words accompanying his signatures on court filings.

In accordance with <u>Spencer</u>, Smith is prohibited from filing in this Court any further *pro se* petitions, appeals, motions or other proceedings regarding any lower court case. We direct the Clerk of the Third District Court of Appeal to refuse to accept any such papers unless they have been reviewed and signed by an attorney who is a duly licensed member of The Florida Bar in good standing.

So ordered.[2]

---

[2] As noted, Smith has several other matters currently pending in this Court (e.g., 3D2026-0093, 3D2026-0099, 3D2026-0115). Given the due process afforded Smith prior to our rendering this opinion and given our findings regarding Smith's abuse of the judicial process in this Court, nothing in this opinion should be construed as preventing the temporary panels or merits panels in any of those pending matters from adjudicating these cases or from entering orders barring Smith from further *pro se* filings.