# Supreme Court of Florida

_____

No. SC16-1150

_____

**SOLOMON D. ROBERTS,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[March 23, 2017]

PER CURIAM.

Solomon D. Roberts has filed a pro se petition for writ of habeas corpus with this Court.[1] The petition is the twenty-fifth petition or notice that Roberts has filed with the Court since 2000. We dismissed Roberts' petition and expressly retained jurisdiction for possible imposition of sanctions. Roberts v. Jones, No. SC16-1150, Order at 1 (Fla. Sept. 29, 2016); see Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

In 1982, Roberts pled guilty to several counts of attempted first-degree murder, robbery with a deadly weapon, armed burglary, and kidnapping in the

_____

1. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.

Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. He was sentenced to life in prison for those offenses on November 16, 1982 (case numbers 78-CF-5774, 82-CF-8169, 82-CF-9856, and 82-CF-15413).

After his cases became final, Roberts repeatedly sought postconviction relief from his convictions and sentences. His repeated filing of frivolous pro se requests for relief in other courts has resulted in both the Third District Court of Appeal and the Eleventh Judicial Circuit barring Roberts from filing any further pro se requests for relief. See Roberts v. State, No. 3D13-1438 (Fla. 3d DCA Feb. 26, 2014); State v. Roberts, No. 82-CF-8169 (Fla. 11th Cir. Ct. Jan 23, 2015).

The instant habeas petition is Roberts' most recent attempt to overturn his convictions and sentences. It is the twenty-fifth pro se petition or notice that Roberts has filed with this Court since 2000.[2] In it, Roberts again challenged his

2. Roberts v. State, No. SC15-1850 (Fla. Jan. 4, 2016) (transferring all writs petition to district court); Roberts v. Jones, 192 So. 3d 41 (Fla. 2015) (table) (dismissing habeas petition as unauthorized), cert. denied, 136 S. Ct. 2019 (2016); Roberts v. State, No. SC14-1134 (Fla. June 12, 2014) (transferring notice of appeal to district court); Roberts v. State, No. SC14-1038 (Fla. June 2, 2014) (transferring notice of appeal to district court); Roberts v. State, 145 So. 3d 827 (Fla. 2014) (table) (denying prohibition petition); Roberts v. State, 143 So. 3d 921 (Fla. 2014) (table) (dismissing mandamus petition); Roberts v. Crews, 123 So. 3d 1147 (Fla. 2013) (table) (denying habeas petition as procedurally barred); Roberts v. Crews, No. SC12-1642 (Fla. Oct. 26, 2012) (denying habeas petition as procedurally barred); Roberts v. State, 90 So. 3d 272 (Fla. 2012) (table) (dismissing prohibition petition for lack of jurisdiction); Roberts v. State, 75 So. 3d 1245 (Fla. 2011) (table) (denying prohibition petition); Roberts v. McNeil, 59 So. 3d 109 (Fla. 2011) (table) (dismissing habeas petition as unauthorized); Roberts v. State, 48 So. 3d 837 (Fla. 2010) (table) (dismissing petition for belated discretionary review for

convictions and sentences, along with the circuit court's application of its barring

order to a pro se postconviction motion that he attempted to file there. The petition

in this case was meritless, and we dismissed it in part, see Pettway v. State, 776 So.

2d 930, 931 (Fla. 2000), and dismissed it as unauthorized in part, see Baker v.

State, 878 So. 2d 1236 (Fla. 2004). In so doing, we expressly retained jurisdiction

and, in accordance with State v. Spencer, 751 So. 2d 47 (Fla. 1999), directed

Roberts to show cause why he should not be barred from filing any future pro se

requests for relief and referred to the Florida Department of Corrections for

possible disciplinary action pursuant to section 944.279(1), Florida Statutes (2016).

In his response to the show cause order, Roberts argued that he should not be

sanctioned by the Court because his illegal sentence constitutes a manifest

lack of jurisdiction); Roberts v. State, 14 So. 3d 1004 (Fla. 2009) (table) (dismissing all writs petition for lack of jurisdiction); Roberts v. Fla. Bar, 10 So. 3d 1100 (Fla. 2009) (dismissing mandamus petition for lack of jurisdiction); Roberts v. McDonough, 965 So. 2d 123 (Fla. 2007) (table) (denying habeas petition as procedurally barred); Roberts v. State, 952 So. 2d 1191 (Fla. 2007) (table) (dismissing all writs petition); Roberts v. Fla. Bar, 926 So. 2d 1270 (Fla. 2006) (table) (dismissing mandamus petition for lack of jurisdiction); Roberts v. State, 924 So. 2d 810 (Fla. 2006) (table) (dismissing mandamus petition); Roberts v. Fla. Bar, 920 So. 2d 627 (Fla. 2005) (table) (dismissing mandamus petition for lack of jurisdiction); Roberts v. State, 905 So. 2d 892 (Fla. 2005) (table) (dismissing mandamus petition); Roberts v. State, 900 So. 2d 554 (Fla. 2005) (table) (dismissing mandamus petition); Roberts v. State, 841 So. 2d 466 (Fla. 2003) (table) (denying notice to invoke discretionary jurisdiction); Roberts v. State, No. SC01-23 (Fla. Apr. 4, 2001) (transferring habeas petition to circuit court); Roberts v. State, 770 So. 2d 160 (Fla. 2000) (table) (dismissing notice to invoke discretionary jurisdiction).

injustice, and he should not be sanctioned for diligently pursuing justice and challenging the legality of his sentence. Both the circuit court and district court, however, have specifically considered Roberts' illegal sentence and manifest injustice claims and denied him relief. See, e.g., Roberts v. State, 156 So. 3d 2, 3 (Fla. 3d DCA 2014); State v. Roberts, No. 78-CF-5774 (Fla. 11th Cir. Ct. Aug. 27, 2015). Roberts' inability to obtain the relief he seeks elsewhere does not justify his repeated misuse of this Court's limited judicial resources. Additionally, at no point in Roberts' response does he provide any indication that he will abstain from further abuse of the judicial process if left unrestrained. Accordingly, we conclude that Roberts has failed to show cause why sanctions should not be imposed. We further conclude that Roberts' petition in this case is a frivolous proceeding brought before this Court by a state prisoner. See § 944.279(1), Fla. Stat.

The Clerk of this Court is therefore directed to reject any future pleadings or other requests for relief submitted by Solomon D. Roberts that pertain to his convictions or sentences (case numbers 78-CF-5774, 82-CF-8169, 82-CF-9856, and 82-CF-15413) unless such filings are signed by a member in good standing of The Florida Bar. Going forward, Roberts may only petition the Court about his convictions or sentences through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith. Additionally, and consistent with section 944.279(1), we direct the Clerk of this

- 4 -

Court to forward a certified copy of this opinion to the Florida Department of

Corrections' institution or facility where Roberts is incarcerated.  See <u>Steele v.</u>

<u>State</u>, 14 So. 3d 221, 224 (Fla. 2009).

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

Original Proceeding – Habeas Corpus

Solomon D. Roberts, pro se, Bowling Green, Florida,

for Petitioner

No appearance for Respondent