# Third District Court of Appeal

## State of Florida

Opinion filed July 19, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-421
Lower Tribunal No. 78-5774B
_____

**Solomon Roberts,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A case of original jurisdiction - Mandamus.

Solomon Roberts, in proper person.

Pamela Jo Bondi, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for respondent.

Before LAGOA, SALTER, and EMAS, JJ.

PER CURIAM.

<u>ON ORDER TO SHOW CAUSE</u>

On April 20, 2017, this Court denied Solomon Roberts's petition for writ of mandamus. On the same date, this Court ordered Roberts to show cause why he should not be prohibited from filing further pro se appeals, petitions, motions or other pleadings in this Court relating to lower tribunal case number F78-5774B.

After carefully considering Roberts's response to this Court's show cause order, and the myriad of pro se appeals brought by Roberts, we conclude that good cause has not been shown, and this Court prohibits Roberts from filing any additional pro se pleadings relating to circuit court case number F78-5774B. See State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999) (holding that upon a demonstration of abuse, a court can restrict future pro se pleadings if it first provides a pro se litigant reasonable notice and an opportunity to respond).

Roberts has engaged in the filing of meritless, frivolous, and successive claims, continuing to seek relief from this Court notwithstanding prior adverse determinations on the merits. While we recognize that incarcerated persons must be provided with the full panoply of procedural vehicles with which to challenge the lawfulness of their incarceration, see Art. I, § 21, Fla. Const. ("The courts shall be open to every person for redress of any injury . . . ."); Spencer, 751 So. 2d at 48; Concepcion v. State, 944 So. 2d 1069, 1072 (Fla. 3d DCA 2006), the constitutional right of access to the courts is not unfettered. The right to proceed pro se will be forfeited where a party abuses the judicial process by the continued filing of

"successive motions which have been heard, considered, rejected, and then raised again." Concepcion, 944 So. 2d at 1072. "As our sister court aptly described it, there comes a point when 'enough is enough.'" Philpot v. State, 183 So. 3d 410, 411 (Fla. 3d DCA 2014) (quoting Isley v. State, 652 So. 2d 409, 410 (Fla. 5th DCA 1995)).

This Court has the inherent authority and duty to strike a balance between a pro se litigant's right to participate in the judicial process and protecting the judicial process from abuse. Id. We note that this Court has entered an order barring Roberts from filing any further pro se pleadings relating to circuit court case numbers 82-8169, 82-9856, and 82-15413. See Roberts v. State, No. 3D13-1438 (Fla. 3d DCA Feb. 26, 2014). Moreover, the Florida Supreme Court prohibited Roberts from filing any further pro se pleadings pertaining to his convictions or sentences in case numbers 78-CF-5774, 82-CF-8169, 82-CF-9856 and 82-CF-15413. See Roberts v. State, 213 So. 3d 912 (Fla. 2017).[1]

Accordingly, Roberts is prohibited from filing any further pro se appeals, pleadings, motions, or petitions relating to his convictions, judgments, and sentences in lower tribunal case number F78-5774B. See Cruz v. State, 981 So. 2d 1272, 1274 (Fla. 3d DCA 2008). We direct the Clerk of the Third District Court of

---

[1] The Eleventh Judicial Circuit entered an order barring Roberts from filing further pro se leadings in circuit court case number 82-CF-8169. See State v. Roberts, No. 82-CF-8169 (Fla. 11th Cir. Ct. Jan. 23, 2015).

Appeal to refuse to accept any such papers relating to this circuit court case number unless they have been reviewed and signed by an attorney who is a duly licensed member of The Florida Bar in good standing. See Whipple v. State, 112 So. 3d 540 (Fla. 3d DCA 2013); Johnson v. State, 915 So. 2d 682 (Fla. 3d DCA 2005).

Additionally, any such further and unauthorized pro se filings by Roberts may subject him to appropriate sanctions, including the issuance of written findings forwarded to the Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2017); Whipple, 112 So. 3d at 541 (citing Minor v. State, 963 So. 2d 797 (Fla. 3d DCA 2007)).