# Third District Court of Appeal

**State of Florida**

Opinion filed September 6, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1698
Lower Tribunal No. 99-41138A
_____

**Willie Brown,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Willie Brown, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before LAGOA, SCALES, and LUCK, JJ.

LAGOA, J.

Appellant, Willie Brown ("Brown"), appeals from an order granting his Motion to Correct Illegal Sentence. We dismiss the appeal as this Court lacks jurisdiction to entertain an appeal taken by defendant from an order granting relief under Florida Rule of Criminal Procedure 3.800.

On June 19, 2017, Brown filed a Motion to Correct Illegal Sentence pursuant rule 3.800(a)(1). On June 21, 2017, the trial court granted Brown's motion and corrected Brown's sentence to reflect his designation as a Prison Releasee Reoffender (P.R.R.) only as to Count I, and struck his Habitual Violent Felony Offender (H.V.O.) designation in Count I. Brown filed a notice of appeal regarding the trial court's June 21, 2017, order.

Florida Rule of Appellate Procedure 9.140(b)(1)(D) provides that:

> (1) *Appeals Permitted*. A defendant may appeal
>
> . . . .
>
> (D) orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both, or orders **denying** relief under Florida Rule of Criminal Procedure 3.800(a), 3.801, 3.850, 3.851, or 3.853.

(Emphasis added).

Here, the trial court's June 21, 2017, order <u>granted</u> Browm's rule 3.800 motion. As such, the order is not an appealable order pursuant to rule 9.140(b)(1)(D), and we therefore dismiss the appeal for lack of jurisdiction.[1]

2

Dismissed.

---

[1] Our review of Brown's Initial Brief shows that the brief did <u>not</u> address any of the issues raised in his motion to correct illegal sentence. Instead, Brown argued that the trial court erred in giving a non-standard jury instruction and erred in giving a modified <u>Allen</u> charge and then a full <u>Allen</u> charge. It therefore appears that Brown used the trial court's June 21, 2017, order to reargue matters previously heard and considered by this Court in case number 3D16-1989. <u>See</u> <u>Brown v. State</u>, No. 3D16-1989 (Fla. 3d DCA Dec. 14, 2016). "While we recognize that incarcerated persons must be provided with the full panoply of procedural vehicles with which to challenge the lawfulness of their incarceration, the constitutional right of access to the courts is not unfettered. The right to proceed pro se will be forfeited where a party abuses the judicial process by the continued filing of 'successive motions which have been heard, considered, rejected, and then raised again.'" <u>Roberts v. State</u>, No. 3D17-421, 2017 WL 3044671, at *1 (Fla. 3d DCA July 19, 2017) (citations omitted).

We caution Brown that any further abuse of the judicial process may subject him to the issuance of an order to show cause why he should not be prohibited from filing further pro se appeals, petitions, motions or other pleadings in this Court relating to lower tribunal case number F99-41138(A), as well as to the issuance of written findings forwarded to the Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. <u>See</u> § 944.279(1), Fla. Stat. (2017); <u>Minor v. State</u>, 963 So. 2d 797 (Fla. 3d DCA 2007).