# Third District Court of Appeal

## State of Florida

Opinion filed December 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-1014 & 3D24-1087
Lower Tribunal No. 17-3738-CP-02
_____

**Carlos E. Gutierrez**,
Appellant,

vs.

**In Re: Noemi D. Gutierrez**,
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Bertila Soto, Judge.

Carlos E. Gutierrez, in proper person.

The Nguyen Law Firm and Hung V. Nguyen, for appellee Enrique Gutierrez; Florida Appeals and Robert Scavone Jr., and Shannon McLin (Orlando), for appellee Noemi D. Gutierrez.

Before LOBREE, BOKOR and GOODEN, JJ.

<u>ON ORDER TO SHOW CAUSE</u>

LOBREE, J.

This court issued an order to show cause under Florida Rule of Appellate Procedure 9.410(a) directing self-represented appellant, Carlos E. Gutierrez, to demonstrate why sanctions should not be imposed in these consolidated appeals and why he should not be barred from future filings in this court related to the underlying probate actions without the review and signature of a member of the Florida Bar. Without the benefit of a response to our show cause order, and based our "inherent authority and duty to strike a balance between a pro se litigant's right to participate in the judicial process and protecting the judicial process from abuse," Roberts v. State, 224 So. 3d 289, 290 (Fla. 3d DCA 2017), we dismiss these consolidated appeals as a sanction and bar Gutierrez from further appellate pro se filings in this probate action.

Gutierrez has filed in this court twelve appeals or petitions from related probate actions in lower tribunal case numbers 2017-3738-CP-02 and 2018-1030-CP-02, all of which have been dismissed for failure to comply with orders of this court or the Florida Rules of Appellate Procedure.[1] These

---

[1] See case no. 3D23-1313 (appeal dismissed for failure to comply with order to show cause); case nos. 3D23-0659, 3D23-0661, 3D23-0663 (appeals dismissed for failure to comply with this court's order and Florida Rules of Appellate Procedure); case nos. 3D20-0950, 3D20-0968 (appeals dismissed for failure to comply with this court's order); Gutierrez v. Gutierrez, 308 So. 3d 101 (Fla. 3d DCA 2020) (table) (petitions in case nos. 3D20-0939, 3D20-0943, and 3D20-0944 dismissed for failure to comply with this court's order);

consolidated appeals are Gutierrez's thirteenth and fourteenth appeals from those underlying probate actions. Appellee Enrique Gutierrez moved to dismiss on the grounds that this court lacked jurisdiction to review the orders on appeal and Gutierrez lacked standing to appeal the orders. Enrique also filed with this court a notice of phantom case law, listing the legal authorities relied on by Gutierrez in the initial brief "that simply do not exist." Appellee Noemi D. Gutierrez moved to dismiss on the same grounds, as well as a sanction for citing fictitious or non-existent case law. Noemi also requested that this court order Gutierrez to show cause why his appeal should not be dismissed as a sanction for abuse of process.

This court ordered Gutierrez to respond to the appellees' motions to dismiss and to show cause why the appeals should not be dismissed as untimely, or as taken from a non-final, non-appealable order. Gutierrez's response did not address the appellees' arguments in support of dismissal.

We then ordered Gutierrez to show cause as to why sanctions should not be imposed, and why he should not be barred from future filings related to the underlying probate actions without the review and signature of a

---

Gutierrez v. Gutierrez, 307 So. 3d 672 (Fla. 3d DCA 2020) (table) (appeal in case no. 3D20-0438 dismissed for failure to comply with this court's order and Florida Rules of Appellate Procedure); case no. 3D19-2004 (appeal dismissed for failure to comply with this court's order and Florida Rules of Appellate Procedure); case no. 3D18-2223 (same).

member of the Florida Bar pursuant to <u>State v. Spencer</u>, 751 So. 2d 47 (Fla. 1999), for submitting an initial brief that violates the Florida Rules of Appellate Procedure and contains fictitious and nonexistent case law. Gutierrez failed to respond to our show cause order.

The initial briefs Gutierrez filed in these appeals violate the express requirements of Florida Rule of Appellate Procedure 9.210(b) in multiple, material ways. Among other things, in addition to failing to comply with rule 9.210(b)(1), (2) concerning tables of contents and citations, the statements of the case and of the facts do not cite to any factual support in the record. <u>See</u> Fla. R. App. P. 9.210(b)(3) (stating that an initial brief must contain "a statement of the case and of the facts . . . with references to the appropriate pages of the record or transcript"). Likewise, other than one reference to a trial court docket entry, the argument section of the initial briefs contains no record citations and is thereby lacking in factual, record support. Additionally, while the argument section of the initial briefs contains no citations to case law, Gutierrez attached to each initial brief an "Augmented Appendix Sections," consisting of an extensive list of case citations to alleged Florida case law and accompanying quotations from those cases. Alarmingly, the bulk of the cases cited by Gutierrez do not in fact exist in the body of Florida case law, and therefore constitute fake or "phantom case

4

law."  Further, where a correct case citation is provided, the case does not contain the quotation attributed to it.

We find Gutierrez's failure to comply with rule 9.210(b) and submission of fictitious case law to this court sufficient to warrant the imposition of sanctions.  See, e.g., <u>Kruse v. Karlen</u>, 692 S.W. 3d 43, 46 (Mo. Ct. App. 2024) (dismissing self-represented appellant's appeal due to submission of brief that violated applicable rules of appellate procedure and relied on "fictitious cases generated by artificial intelligence"); <u>see also</u> <u>Park v. Kim</u>, 91 F.4th 610, 612 (2d Cir. 2024) (sanctioning attorney for filing brief containing "citation to a non-existent case, which she admits she generated using the artificial intelligence tool ChatGPT"); <u>Mata v. Avianca, Inc.</u>, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023) (sanctioning attorneys under rule 11 of the Federal Rules of Civil Procedure and inherent power of court for submitting filing containing "non-existent judicial opinions with fake quotes and citations created by the artificial intelligence tool ChatGPT").  Although a self-represented litigant, Gutierrez is bound by same rules that apply to counsel, including an obligation to refrain from filing frivolous or baseless pleadings. <u>See</u> <u>Walker v Est. of Yee</u>, 376 So. 3d 758, 758 (Fla. 4th DCA 2024); <u>Ardis v. Ardis</u>, 130 So. 3d 791, 793 (Fla. 1st DCA 2014); <u>Balch v. HSBC Bank, USA, N.A.</u>, 128 So. 3d 179, 181–82 (Fla. 5th DCA 2013).

Moreover, "[u]nder Florida law, 'a citizen . . . abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims.'" Yeyille v. Speigel, 373 So. 3d 1238, 1240 (Fla. 3d DCA 2023) (quoting Spencer, 751 So. 2d at 48); see also Clark v. Baney, 355 So. 3d 976, 978 (Fla. 1st DCA 2023) ("[A] court may bar a litigant from appearing pro se when the litigant's 'frivolous or excessive filings interfere with timely administration of justice.'" (quoting Ardis v. Pensacola State Coll., 128 So. 3d 260, 264 (Fla. 1st DCA 2013))); Aguirre v. Est. of Aguirre, 112 So. 3d 650, 651 (Fla. 3d DCA 2013). In accord with this principle, we further find that Gutierrez's repeated meritless appeals and petitions in this matter "have substantially interfered with the orderly process of judicial administration," Johnson v. Wilbur, 981 So. 2d 479, 480 (Fla. 1st DCA 2008), such that we are compelled to prohibit Gutierrez from appearing on his own behalf in any future filings in this court concerning the underlying probate matter.

Accordingly, based upon Gutierrez's failure to respond to this court's order to show cause and submission of briefs to this court that violate rule 9.210(b) and contain fictitious and nonexistent case law, we grant the appellees' motions to dismiss and hereby dismiss as a sanction the instant consolidated appeals. Furthermore, "based upon the copious meritless

6

filings in this court," <u>Aguirre</u>, 112 So. 3d at 651, we also bar Gutierrez from future filings related to the underlying probate actions without the review and signature of a member of the Florida Bar.  We direct the Clerk of the Third District Court of Appeal to reject any further pro se filings submitted by Carlos E. Gutierrez related to the probate actions in lower tribunal case numbers 2017-3738-CP-02 and 2018-1030-CP-02, unless such filing has been reviewed and signed by a member of the Florida Bar in good standing.

So ordered.